Edward **ELAM**

v.

Robert **NEVILLE** and Schreiber Truck Co., Inc.

Civ. A. No. 1346.

United States District Court, N. D. Indiana, Hammond Division. March 15, 1955.

leged to have happened on January 4, 1950, in Gary, Indiana, between an automobile driven by the plaintiff and a truck owned by Schreiber Truck Co., Inc.

The original complaint was filed on December 28, 1951, and Schreiber Truck Company named as a party defendant. The return made by the United States Marshal on the summons, which had been issued the same day the complaint was filed, shows that it was served on January 2, 1952, and reads in part, "also served Schreiber Truck Company by serving Smith & Loser, Resident Agent, personally, Indianapolis, Indiana."

On January 21, 1952, the Schreiber Truck Co., Inc. filed its motion to dismiss for lack of jurisdiction over the person. Among the grounds for dismissal asserted in the motion were: (1) that the return shows upon its face that the summons was not served upon the Schreiber Truck Co., Inc.; and, (2) that the summons was not served by delivering a copy to any officer, managing or general agent, any person authorized to do business for "this defendant or to any other agent authorized by law to receive service of process directed to this defendant." An affidavit was attached to the motion and was signed by Louis E. Smith. Mr. Smith stated in the affidavit that he and Robert W. Loser on January 2, 1952, were practicing attorneys, under the firm name of Smith and Loser, in Indianapolis, Indiana. Mr. Smith makes further averments in his affidavit as follows: "That affiant has represented the Schreiber Truck Co., Inc., the party named in the summons as the party to be served, is familiar with their corporate set-up, and says that it is a corporation organized and doing business under the laws of the State of Pennsylvania; that it has not qualified to do business in the State of Indiana under the laws of the State of Indiana, and does not do business in this state; that Smith and Loser were not on the 2nd day of January, 1952, nor at any time prior thereto, the resident or registered agent for the purpose

Wagner & Malo, Hammond, Ind., for plaintiff.

Draper & Eichhorn, Gary, Ind., for defendants.

SWYGERT, Chief Judge.

This is a suit for personal injuries growing out of a collision which is al-

of the service of summons in this or any other action in the State of Indiana, and that no personal service of a copy of the summons and complaint was had upon Smith and Loser by delivering a copy of the summons and complaint to them, or either of them."

On November 11, 1954, the plaintiff filed out a motion to amend his complaint by striking from the caption and elsewhere in the complaint the word "Company" after the words, "Schreiber Truck" and by inserting thereafter the words, "Co., Inc." This motion was granted over the objection of Schreiber Truck Co., Inc.; and, at the same time and at the request of the plaintiff, another summons was ordered issued directed to Schreiber Truck Co., Inc. This summons was served pursuant to § 47–1043, Burns' 1952 Replacement, on the Secretary of State of Indiana, who mailed a copy of the summons to the defendant.

On December 30, 1954, the defendant filed a second motion to dismiss for lack of jurisdiction over the person of the defendant. One of the grounds for dismissal stated in the motion is that "it appears from the complaint and summons that more than two years have elapsed since the happening of the accident and the commencement of this action by complaint and summons." The question whether the suit is barred by the Statute of Limitations was the principal ground urged for dismissal of the defendant at the hearing on the motion.

■■■■ The Indiana Statute of Limitations is applicable. Section 2–602, Burns' provides that suits for injuries to the person must be commenced within two years after the cause of action has occurred. Since the original complaint in this case was filed and a summons was issued and delivered to the United States Marshal within the two-year period, no question would be presented were it not for the fact that suit was started against the defendant under the name of Schreiber Truck Company,

and also by the fact that the plaintiff in requesting another summons to be served under the provisions of § 47–1043, Burns', has tacitly admitted that the first summons was not properly served.

Under § 2–802, Burns' 1946 Replacement, "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to be issued thereon; and the action shall be deemed to be commenced from the time of issuing the summons * * *." Indiana law applies in determining when a suit is commenced and the statute of limitations tolled. Ragan v. Merchants Transfer Co., 1949, 337 U.S. 530, 69 S. Ct. 1233, 93 L.Ed. 1520. Thus it is of no import that the first summons might not have been properly served as the complaint was filed and summons issued on December 28, 1951, which under Indiana law is effective, without more, to toll the statute of limitations. The vital inquiry is whether the Schreiber Truck Co., Inc. was the party against whom the action was commenced on December 28, 1951.

■■■ In United States v. A. H. Fischer Lumber Co., 4 Cir., 1947, 162 F.2d 872 the defendant was named in the original complaint as A. H. Fischer Lumber Company. A. H. Fischer Company entered a special appearance and filed a motion to dismiss, which motion was granted. A new complaint was filed against A. H. Fischer Company, Inc., and A. H. Fischer Company again filed a motion to dismiss and this motion was also granted. The Circuit Court of Appeals for the Fourth Circuit held that both rulings were erroneous. "The case is not one, as the judge below apparently thought, of an amendment which would bring the defendant into the case for the first time and might prejudice its rights to rely on the statute of limitations. The defendant had unquestionably been brought into the case, and in the absence of the motion to dismiss, would have been bound without amendment by any

## 440

judgment that might have been rendered therein. The office of the requested amendment would merely have been to name the defendant properly * * *. This is but a codification of the modern rule recognized in practically every jurisdiction and well stated in 39 Am.Jur., 1002, as follows: 'Under modern practice, if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed. Under the practice statutes and rules of practice of the several states, where the proper party is before the court, although there under a wrong name, and, if the plaintiff, he is the party having the cause of action, and, if the defendant, he is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer. Such amendments may be allowed notwithstanding the running of the statute of limitations between the time of commencing suit and the motion for amendment, provided there is no change in the cause of action originally stated. Such an amendment relates back to the institution of the original suit.'" In this action it seems clear that the plaintiff originally intended to sue Schreiber Truck Co., Inc., and that by denominating the defendant as Schreiber Trucking Company in the original complaint the plaintiff committed an error in the name of the party it intended to sue, not in the identity of the party it now seeks to hold liable. This amounted to a mere misnomer which it properly corrected by amendment, which amendment related back to the time of filing the original complaint. The statute of limitations did not bar the plaintiff's claim herein.

The motion of the defendant Schreiber Truck Co., Inc. to dismiss is denied.