SLATER; SLATER *v.* STOFFEL; COMMUNITY STATE BANK, ADMIN.

[Nos. 20,370 and 20,371. Filed December 12, 1966. Rehearing denied January 9, 1967. Transfer denied April 10, 1967.]

*William F. McNagny, John M. Clifton, Jr.,* and *Barrett, Barrett & McNagny,* all of Fort Wayne, for appellants.

*Thomas W. Yoder* and *Livingston, Dildine, Haynie & Yoder,* both Fort Wayne, for appellees.

SMITH, J.—This case arose from a personal injury action filed against the personal representatives of the estates of the two deceased tort-feasors. Plaintiff-appellants, Robert Slater and George Slater, in separate actions each sued Mark E. Stoffel, Administrator of the Estate of Bernard J. Stoffel, deceased, and The Community State Bank of Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, deceased, to recover damages for injuries sustained in a head-on-automobile collision between a motor vehicle operated by George Slater and a motor vehicle operated by either Bernard J. Stoffel, deceased, or Donald H. Stoffel, deceased. The collision occurred, as alleged in the complaint, on June 6, 1959, and was the result of the negligent conduct on the part of one of the defendant-appellees.

There are three important factual areas in this case as follows:

1. The appellants as alleged did not comply with Burns' Indiana Statutes 7-801 (a), 1953 Replacement [Acts 1953, ch. 112, § 1401, p. 295; 1961 ch. 287, § 1, p. 702] which provides in substance that all claims against a decedent's estate, other than those of administration and claims of the United States, shall be forever barred unless filed with the court in which such estate is being administered within six months after the date of the first published notice to creditors.

2. Because the appellants were residents of the State of Georgia, instead of complying with §§ 7-801, 7-802 Burns' Indiana Statutes they attempted to proceed directly against the appellees by complaint and summons filed in the United States District Court for the Northern District of Indiana, Fort Wayne Division. This civil action was commenced on December 2, 1959. The District Court entered a judgment for the appellants; however, the Court of Appeals for the 7th Judicial Circuit reversed this judgment by a unanimous decision and entered a judgment for the appellees. *Robert Slater* v. *Mark E. Stoffel, Admr., et al* 313 F. 2d 175 (C. A. 7th, 1963)

The Supreme Court of the United States denied certiorari and remanded the case to the District Court which entered judgment for the appellees on the theory that plaintiff-appellants' claims were barred for failure to file a claim with the court against the decedents' estates within the six month period pursuant to the provisions of Burns' Indiana Statutes 7-801 and 7-802. 375 U. S. 818, 84 S. Ct. 54 (1963).

3. After the Federal District Court rendered judgment for the appellees, the appellants returned to the Huntington Circuit Court where each brought an action for $100,000 damages; and issues were joined in each case on a demurrer to the appellants' complaint. The trial court sustained the appellees' demurrers to the appellants' complaint and the ap-

pellants refused or failed to plead over. The appellants' motion for a new trial was overruled, and appellants now assign the trial court's action in overruling the appellants' demurrers as error.

The question presented is one of first impression in Indiana. The question is whether the claimant, suing in tort, may bring an action by complaint and summons against a deceased tort-feasor's estate under Burns' Indiana Statutes § 7-801 (f) instead of filing a claim against the estate within six months after first published notice to creditors; and if such a proceeding is allowed under Burns' Indiana Statutes § 7-801 (f), then may the provisions of § 7-801 (f) be applied retroactively in the instant case to provide relief to the claimant.

Burns' Indiana Statutes § 7-801 provides:

Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced—Liens not affected—Tort claims against estate.— (a) All claims against a decedent's estate, other than expenses of administration and claims of the United States and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors.

(b) No claim shall be allowed which was barred by any statute of limitations at the time of decedent's death.

(c) No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim shall be filed within six (6) months after the date of the first published notice to creditors.

(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one (1) year after the death of the decedent.

(e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate.

(f) *Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort:* Provided, however, That any recovery against the tort-feasor's estate shall not affect the distribution of the assets of the estate to the heirs, legatees, or devisees of the decedent tort-feasor unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions. [Acts 1953, ch. 112, § 1401, p. 295; 1961 ch. 287, § 1, p. 702.] (Emphasis supplied)

Subsection (a) of the above cited statute is commonly known as a non-claim statute. It grants to every person having a claim of any kind or character against a decedent's estate, the right to file the same in the court having jurisdiction thereof, and have the same adjudicated, provided such claim is filed within the time specified in the statute. *Donnella, Administratrix, etc.* v. *Crady* (1963), 135 Ind. App. 60, 185 N. E. 2d 623.

Chapter 112 of the Acts of 1953 [Burns' Indiana Statutes, Section 7-801] was amended in 1961 by adding thereto subsection (f). Subsection (f) provides in substance that a tort action may be brought for such tort, provided recovery against the tort-feasor's estate does not affect the distribution of the assets. The distribution may be disturbed if the suit was brought within the time allowed for the filing of claims against an estate as the appellants have done in the present case. Burns' Indiana Statutes, Section 7-801 (f).

The appellants' cause of action arose on June 6, 1959, and was preserved or allowed to survive the death of the appellees by Burns' Indiana Statutes, Section 2-403, which provides:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party, which shall survive only to the extent provided herein. Any action contemplated in this section or in section 6 [§ 2-402] of this act may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased."

Burns' Indiana Statutes, Section 2-602, provides:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

First. For injuries to person or character, . . . , within two (2) years."

The appellants' cause of action is limited only by the above two-year statute of limitations.

The record reveals that at the time this action was filed in the Huntington Circuit Court, the statute of limitations provided in Burns' Indiana Statutes, Section 2-602, had not yet expired.

The commencement of an action to enforce a right before the statute of limitations has run against it, arrests or suspends the running of the statute, and a lapse of time after the action is commenced which is not attributable to the appellants' fault or neglect will not bar the enforcement of the right. *Elam* v. *Neville,* 129 F. Supp. 437 (N. D. Ind. 1955); *McAfee* v. *Reynolds* (1891), 130 Ind. 33, 28 N. E. 423.

An action is commenced for limitation purposes at the time the complaint is filed and summons issued. *Elam* v. *Neville, supra; Peoples Trust & Savings Bank* v. *Hennessey et al,* (1938), 106 Ind. App. 257, 153 N. E. 507; I. L. E., *Limitation of Actions,* Vol. 19, § 81, p. 58.

The appellants' cause of action arose on June 6, 1959, and the action was filed in the United States District Court on December 2, 1959. This interim period between the time the cause of action arose and the time of filing of the cause of action consists of one hundred seventy-nine (179) days, and is to be considered the length of time the statute of limitations had already run. On the 20th day of November, 1963, the United States District Court entered a summary judgment against the appellants. On October 24, 1964, the appellants filed a cause of action in the Huntington Circuit Court to enforce said claim for damages. The interim period of time between the entry of the summary judgment by the federal district court until the filing of the cause of action in the Huntington Circuit Court consisted of three hundred and thirty-eight (338) days. It is, therefore, apparent that only five hundred and seventeen (517) days of the two year statute of limitations had elapsed prior to the date that they filed their cause of action in the Huntington Circuit Court.

It is our opinion that the federal court should have given Burns' Indiana Statutes, Section 7-801, subsection (f) retroactive application for the enforcement of the cause of action filed prior to the date of the enactment of subsection (f). Therefore, the two year statute of limitations, referred to in subsection (f), had not run, leaving only the issue of the application of subsection (f) to be determined by the federal court.

That federal courts have the power to entertain claims against estates and to apply state law cannot be questioned. *Hanna* v. *Plumer* (1965), 380 U. S. 460, 14 L. Ed. 2d 2, 85 S. Ct. 1136.

Our Court has long held that a procedural statute may be given retroactive application where such is necessary to carry out the purpose of the statute, and no new rights are given or existing rights taken away, and only a new remedy is afforded for the enforcement of an existing right. *Herrick* v.

*Saylor,* 245 F. 2d 171 (1957 7th Cir.) ; *Standard Accident Insurance Company* v. *Miller,* 170 F. 2d 495 (1948 7th Cir.) ; *Staple* v. *Richardson* (1966), 139 Ind. App. 20, 212 N. E. 2d 904.

The Indiana General Assembly, in amending Section 7-801 Burns' Indiana Statutes by adding subsection (f) thereto, intended to remove from the enforcement of tort claims the condition precedent requiring the filing of such claims within six (6) months after notice to creditors.

"Such legislative action, or reaction, can only be construed as an expression of total dissatisfaction with the results which had necessarily obtained in cases which had previously been decided under the statutes, to-wit: the socially, morally, and legally unjustifiable protection of a wrongdoer at the expense of the injured party." *Staple* v. *Richardson, supra.*

The federal courts have concurrent jurisdiction with state courts exercising probate jurisdiction in respect to establishing the validity of claims against estates of decedents provided the federal requirements of amount in controversy and diversity of citizenship are satisfied.

Because Section 7-801 (f) Burns' Indiana Statutes is a procedural statute, the federal court should have given said section of the statute retroactive application in the instant case.

In the absence of express language to the contrary an amendatory act ordinarily is construed as prospective and not retroactive. *Cummins* v. *Pence et al* (1910), 174 Ind. 115, 91 N. E. 529.

In the event the new legislation does not impair an existing right or deny a remedy for its enforcement, but merely modifies the proceedings, it applies to all cases pending and subsequent to its enactment. *Kingan & Company, Limited* v. *Ossam* (1920) 75 Ind. App. 548, 121 N. E. 289.

The federal court's error was compounded by the trial court when it sustained the demurrers to appellants' complaint and overruled their motion for a new trial.

We summarily reiterate that appellants' cause of action survived the death of the appellees and was tolled by the commencement of this action in the federal district court and again in the trial court. The 1961 amendment to Section 7-801 by adding subsection (f) thereto is a procedural requirement to be applied to any action pending in the courts at the time of its passage. It should have been so applied in the case at bar. Failure to do so was prejudicial and reversible error on the part of the federal courts and trial court. It is our opinion that the trial court erred in overruling appellants' motion for a new trial; and the judgment of the trial court is hereby reversed with instructions to sustain appellants' motion for a new trial.

Judgment reversed.

Bierly, J., concurs.

Hunter, J., concurs in result.

Mote, J., not participating.

NOTE.—Reported in 221 N. E. 2d 688.