STATE OF INDIANA ON THE RELATION OF THE MENTAL HEALTH COMMISSIONER, WILLIAM ELLSWORTH MURRAY, M.D. *v.* THE ESTATE OF CLARENCE O. LOTTS.

[No. 2-1173A254. Filed August 13, 1975.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*George L. Hanna, Hanna and Gerde,* of Lafayette, for appellee.

## CASE SUMMARY

BUCHANAN, J.—The State of Indiana, on the relation of the Mental Health Commissioner, William Ellsworth Murray, M.D. (the State) appeals from a trial court judgment absolving Defendant-Appellee, Estate of Clarence O. Lotts (Lotts) from liability for maintenance of Lotts' adult daughter at Logansport State Hospital, the State claiming Lotts was liable under Ind. Ann. Stat. § 22-401, *et seq.* (the Former Responsible Relative Statutes), which was amended in part and specifically repealed in part by Sections 1 and 3 of Acts 1969, ch. 362 (now codified under IC 1971, 16-14-18-1, *et seq.* and collectively referred to as the New Responsible Relative Statutes).

We reverse and remand.

## FACTS

The undisputed facts are:

On June 24, 1971, the State filed a claim in Lotts' Estate in Tippecanoe Circuit Court in Lafayette, Indiana for services rendered to his adult daughter by Logansport State Hospital.

The parties then stipulated to certain facts:

## "ORDER OF STIPULATION

"It is stipulated and agreed by the parties that Lola Muehler Brockman is the daughter of Clarence O. Lotts, deceased, and that $14,047.75 is the accurate amount for services rendered by Lola Muehler Brockman; itemized account[1] of admission dates and costs are attached to the claim; Lola Muehler Brockman was born October 22, 1923

---

1. The Record does not disclose any such itemized account.

and was first admitted to Logansport State Hospital January 21, 1952 at the age of twenty-nine (29).

"The question remaining to be decided is the liability of the estate of Clarence O. Lotts for the maintenance of Lola Muehler Brockman . . . ."

It is not disputed that the State's claim is for care of Lotts' daughter (Brockman) as an adult and that its claim for care terminated prior to the effective date of the New Responsible Relative Statutes, i.e., August 18, 1969.

After reviewing briefs submitted by the parties, the trial court entered judgment on November 15, 1972, in favor of the Estate of Lotts:

"This matter was submitted upon a claim of the State of Indiana against the estate of Clarence O. Lotts for care and maintenance of Lola Muehler Brockman, adult daughter of decedent, in Logansport State Hospital from January 21, 1952 to August 17, 1969. The said daughter was twenty-nine (29) years of age at the time of commitment. The claim was filed June 24, 1971.

"The case was submitted upon a stipulation of fact, and extensive briefs were filed. The basic question presented is whether the 1969 repeal of the Responsible Relative Statute, as to liability of parents, operated to release or extinguish prior statutory liability in this regard, or whether such liability was preserved by Burns 1-307.

"Upon reviewing numerous authorities cited, the Court concludes that notwithstanding Burns 1-307, liability did not survive the statutory repeal. Accordingly, the Court now finds against Claimant in its claim, and in favor of the Defendant-Estate.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Claimant take nothing by its claim and that the Defendant-Estate have judgment thereon."

The reference in the judgment to Burns 1-307 is to what is hereinafter set out and referred to as the Repealer Statute.

It is this judgment from which the State appeals.

## ISSUE

Should the New Responsible Relative Statutes be given retroactive effect thereby extinguishing any prior existing liability of Lotts under the Former Responsible Relative Statutes?

The State contends that construction of IC 1971, 1-1-5-1, Ind. Ann. Stat. § 1-307 (Burns Code Ed.) (the Repealer Statute), requires the New Responsible Relative Statutes to be construed prospectively only and therefore any liability existing prior to the effective date of the New Responsible Relative Statutes is not extinguished.

The major thrust of Lotts' reply is that the Repealer Statute does not prevail if, as here, the legislature clearly intended retroactive operation of the statute, i.e., the New Responsible Relative Statute displays an intent that it have retroactive effect and so destroys any existing liability Lotts might have had prior to the effective date of the New Responsible Relative Statutes in 1969.

## DECISION

CONCLUSION—It is our opinion that the New Responsible Relative Statutes should not be given retroactive effect so as extinguish any existing liability of Lotts under the Former Responsible Relative Statutes.

There would appear to be no doubt that on the face of the Former Responsible Relative Statutes Lotts would be liable for the care of his adult daughter in Logansport State Hospital from 1952 to August 17, 1969 . . . and the parties do not seem to disagree on this point. (Assuming Lotts was otherwise liable as provided by statute in terms of Notice, Financial Qualification, etc. as hereinafter discussed.) Such liability would be in keeping with Ind. Ann. Stat. § 22-401 (d) which is a key section of the Former Responsible Relative Statutes defining who is responsible for the care of patients in State hospitals for the mentally ill:

"The term 'family' shall mean husband, wife, adult children or parents of any patient. [Acts 1935, ch. 132, § 1, p. 476; 1943, ch. 44, § 1, p. 100; 1951, ch. 253, § 2, p. 716; 1953, ch. 130, § 1, p. 443.]" (hereinafter referred to as 22-401.)

A companion section of the Former Responsible Relative Statutes pertinent to the liability of a mental patient's family or relatives is Ind. Ann. Stat. § 22-409 (5), which reads:

"A 'responsible relative' means the husband or wife, *or the parent of any patient* in any psychiatric hospital, and shall include the adult child of any such patient, which adult child is legally responsible for the care and maintenance of such patient. [Acts 1955, ch. 339, § 1, p. 1068.]" (Emphasis supplied.) (hereinafter referred to as 22-409.)

So prior to 1969, these two sections, 22-401 and 22-409, were the pertinent statutes defining liability of those related to patients in Indiana mental hospitals.

Then in 1969 the legislature adopted a new policy relieving parents of the burden of liability for maintenance of an adult (over 18) child. This policy took the form of what we have termed the New Responsible Relative Statutes which specifically repealed 22-401 and amended 22-409 to eliminate the liability of parents for children over the age of 18 years. The Acts of 1969, ch. 362, §§ 1 and 3, accomplished this dual purpose by providing:

"SECTION 1. Acts 1955, ch. 339, s. 1, is amended to read as follows: Sec. 1. The following words and phrases as used in this act, unless a different meaning is plainly required by context, shall have the following meanings:"

\* \* \*

"(5) A 'responsible relative' means, and includes the parents of patients, husband or wife of the patient and a legal guardian of the patient in his representative capacity but shall not mean the children of patients or the parents of patients over the age of eighteen (18) years of age who have been in a psychiatric hospital for a continuous period of twelve (12) months or longer."

\* \* \*

"SEC. 3. Chapter 132 of the Acts of 1935 is hereby specifically repealed." (the New Responsible Relative Statutes.)

Observe that neither Section 1 nor Section 3 contain any language indicative of an intent that this amendatory act have retroactive effect. Disregarding the twelve month proviso which has no bearing on this case, the expressed unambiguous intent is that no family member or relative be liable thereafter for an adult child . . . and no more.

Ordinarily an amendatory act is to be construed prospectively. *Slater* v. *Stoffel* (1966), 140 Ind. App. 131, 138, 221 N.E.2d 688; *Cummins* v. *Pence* (1910), 174 Ind. 115, 124, 91 N.E. 529; 1A *Sutherland, Statutory Construction,* § 22.36.
As stated in *Slater,* the rule is:

"In the absence of express language to the contrary an amendatory act ordinarily is construed as prospective and not retroactive." 140 Ind. App. at 138, 221 N.E.2d at 693.

Furthermore, it has been held that prospective operation is particularly appropriate if vested rights and obligations are effected by the amendatory act. *Niklaus* v. *Conkling* (1888), 118 Ind. 289, 20 N.E. 797; *Hiatt* v. *Howard* (1937), 104 Ind. App. 167, 8 N.E.2d 136; *Herrick* v. *Sayler* (1957), 245 F.2d 171 (7th Cir.).

Consequently, we can see no basis for giving retroactive effect to these 1969 changes so as to obliterate existing "rights" or "obligations".

There is another reason for concluding that pre-1969 parental liability was not extinguished by the 1969 changes.

An amendatory act which changes prior law must by necessary implication repeal the prior law insofar as they are in conflict. *See, Cleveland* v. *Blind* (1914), 182 Ind. 398, 105 N.E. 483; *Longlois* v. *Longlois* (1874), 48 Ind. 60; *In re Marshall* (1947), 117 Ind. App. 203,

70 N.E.2d 772; *State* v. *Doversberger* (1972), 153 Ind. App. 563, 288 N.E.2d 585; 1A *Sutherland, Statutory Construction,* § 22.22.

So the amendatory act (Sections 1 and 3 of the New Responsible Relative Statutes) repealed 22-409 by implication as to liability for adult children and specifically repealed 22-401. And the effect of that repeal is covered by another Indiana statute, known herein as the Repealer Statute, referred to by the trial court in its judgment. The effect of a repeal is spelled out:

"1-1-5-1 [1-307]. Effect of repeal—Repealed act not revived—Saving provision.—Whenever an act is repealed, which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. *And the repeal of any statute shall not* have the effect to *release or extinguish any* penalty, forfeiture or *liability incurred under such statute,* unless the repealing act shall so expressly provide, *and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action* or prosecution *for the enforcement of such* penalty, forfeiture or *liability....*" (Emphasis supplied.) (the Repealer Statute herein)

The meaning of this statute is plain and unambiguous, so there is no room for judicial construction. *See, State ex rel. Mason* v. *Jacobs* (1924), 194 Ind. 327, 142 N.E. 715; *Cheney* v. *State ex rel. Risk* (1905), 165 Ind. 121, 74 N.E. 892; *Reome* v. *Edwards* (1948), 226 Ind. 229, 79 N.E.2d 389; *Piersol* v. *Hays* (1942), 113 Ind. App. 214, 47 N.E.2d 838; *Boryczka* v. *Boryczka* (1928), 87 Ind. App. 511, 161 N.E. 830.

As there is *no express language* in either Section 1 or Section 3 of the New Responsible Relative Statutes extinguishing previously incurred liability under the Former Responsible Relative Statutes, we can only conclude the amendatory act had no retroactive effect.

Therefore, it was reversible error for the trial court to hold that "liability did not survive the statutory repeal".

As a further question may arise as to other aspects of the validity of the State's claim in terms of other sections of the Former Responsible Relative Statutes, we turn our attention to this subject.

The Record before us is incomplete as to whether Lotts in fact incurred liability for his daughter's care during his lifetime. (The Stipulation does not go that far and the State's claim is not supported by an itemized account or other evidence proving a valid claim.)

So the State in proving a valid claim must also contend with these statutes in effect during Lotts' daughter's commitment:

"22-401 [4006]. Cost of care of inmates—Definitions.— (a) As used in this amended act [§§ 22-301—22-408] the term 'benevolent institutions' shall mean and include the state hospitals for the insane, the state schools for the feeble minded, and the Indiana village for the epileptics;"

\* \* \*

"22-402. Reimbursement of state for cost of maintenance.—All patients, or estates of patients, or guardians of patients, or other legal representatives of patients, and the families of patients are hereby declared to be bound to reimburse the state of Indiana for the cost of maintenance of any such patient, of not to exceed ten dollars [$10.00] per week. [Acts 1935, ch. 132, § 2a, as added by Acts 1953, ch. 130, § 2, p. 443.]"

\* \* \*

"22-410. Cost of maintenance.—Liability—Per capita cost.— (a) Each patient in a psychiatric hospital of this state, the estate of the patient, the guardian of the patient or the responsible relatives of the patient, individually or collectively, are liable for the payment of the costs of maintenance of such patient in an amount to be fixed by the division of not to exceed the lowest per capita cost of the operation of any of the psychiatric hospitals of the state; Provided, that the liability for the payment of the cost of maintenance of such patient in a school for the retarded of this state, namely Fort Wayne State School, Muscatatuck

State School, and any other school hereafter created, shall not exceed fifteen dollars [$15.00] per week."[2]

"22-5035. Mental health fund.—*The billing and collection of the maintenance expense* as provided for in section 2 [§ 22-410] *shall be made* by the division [department] or any unit thereof. All moneys collected shall be deposited each day by the division [department] in a designated public depository. . . ."[3] (Emphasis supplied.)

\* \* \*

"22-411. Agreement to maintain at lesser rate—Cancellation—Hearing. The division [department] may agree to accept payment at a lesser rate than that prescribed by this article. The division [department], in determining whether or not to accept the lesser amount, shall take into consideration the amount of money which may be necessary to maintain or support any member of the family of the patient. All agreements to accept a lesser amount shall be subject to cancellation or modification at any time by the division. *Any person who has been issued a statement of sums due* as maintenance charges *may petition* the division [department] *for a release* from or modification of such statement, and the division [department] shall provide for hearings to be held on any such petition. The division [department] may, after such hearing, cancel or modify such former statement and at any time for due cause, may increase the sums due for maintenance charges to an amount not to exceed the maximum cost as determined under this article. [Acts 1955, ch. 339, § 5, p. 1068.]"[4] (Emphasis supplied.)

\* \* \*

"22-412. Maintenance charges—Ability to pay—Investigation. The division [department] is authorized to investigate, either with its own staff or on a contractual or other basis, the financial condition of each person liable under this act [§§ 22-409, 22-418, 22-5035, 22-5036], and is further authorized to make determinations of the ability of the patient, the estate of the patient, the legal guardian of the patient, and/or each of the responsible relatives to pay

2. Section 22-410 is essentially superseded by IC 1971, 16-14-18-2 (Burns Code Ed.).

3. Section 22-5035 is now codified under IC 1971, 16-14-18-3 (Burns Code Ed.). *Also* see Section 22-403 for the companion statute under the Former Responsible Relative Statutes.

4. Section 22-411 is now codified under IC 1971, 16-14-18-5 (Burns Code Ed.).

maintenance charges. The division [department] is further authorized to set a standard as a basis of judgment of ability to pay, which standard shall be recomputed periodically to reflect changes in the cost of living and other pertinent factors, and to make provisions for unusual and exceptional circumstances in the application of such standard.

> "*The division* [department] *may issue to any of the persons liable* under this act, *statement of sums due as maintenance charges, requiring them to pay monthly, quarterly, or otherwise* as may be arranged, an amount not exceeding the maximum cost as determined under this act. [Acts 1955, ch. 339, § 6, p. 1068.]*[5]* (Emphasis supplied.)

We conclude that these statutes, which were in effect prior to August 18, 1969, gave the Department of Mental Health the power to issue to responsible relatives statements of amounts due the Department (§ 22-412). Also, this statutory scheme required (and still requires) the Department to give notice to the responsible relative (§ 22-5035) and to afford that person the opportunity to contest such liability (§§ 22-411 and 22-412).

A like conclusion as to this statutory scheme was recently reached by District Three of this court in *State ex rel. Murray* v. *Estate of Riggens* (1975), 164 Ind. App. 314, 318-19, 328 N.E.2d 248, 251;

> "An examination of the statutory scheme now under consideration thus reveals a legislative intent that the Department must attempt to give timely notice to individuals of its determination to consider them liable for the costs of treatment of a patient by issuing a statement for such costs. This statutory scheme further evidences a legislative intent that such an individual must be afforded an opportunity as nearly contemporaneous as possible with any incurrence of liability to contest such determination or to show his inability to pay such costs."

*Also see* cases cited therein.

The trial court's judgment, therefore, is reversed and remanded for further proceedings consistent with this opinion.

---

5. Section 22-412 is now codified under IC 1971, 16-14-18-6 (Burns Code Ed.).

White and Garrard, JJ., concur.

NOTE.—Reported at 332 N.E.2d 234.