John C. BLOOD, Jr., Trustee and John C. Blood, Jr., individually, Petitioner,

v.

Anne Hensley POINDEXTER, Inheritance Tax Administrator, Indiana Department of State Revenue, Respondent.

No. 26T05–8803–TA–00012.

Tax Court of Indiana.

June 6, 1988.

Verner P. Partenheimer, Hall, Partenheimer & Kinkle, Princeton, for petitioner.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Kim Ohmart Laurin, Deputy Attys. Gen., Indianapolis, for respondent.

ORDER

FISHER, Judge.

This matter is before the Court on the opposing motions of the parties. The Department has filed a motion requesting this Court to assert exclusive jurisdiction over this cause. Blood has countered by filing a motion to strike the Department's motion asserting that this Court does not have jurisdiction.[1]

The Department contends that this Court has exclusive jurisdiction under IC 33–3–5–2 because the case arises under the tax laws of the State and the appeal is of a final determination made by the Department. Blood contends that no final determination has been made by the Department and that since IC 6–4.1–7–5 was not amended to provide for an appeal to the Tax Court, the appeal should be heard by the Gibson Circuit Court. Blood also contends that the standard of review exercised by this Court denies due process since no hearing was held by the Department.

This Court has previously held that one of the reasons for the creation of this Court was to prevent ninety-[two] different interpretations of a panoply of tax issues. *Herff Jones, Inc. v. State Bd. of Tax Com'rs* (1987), Ind.Tax, 512 N.E.2d 485, 491.

1. Blood has filed this action in the alternative in the Gibson Circuit Court. Since subject matter jurisdiction may not be conferred by the parties, Blood, by filing this action, does not waive his right to object to the jurisdiction of this Court.

In order to find jurisdiction in this matter, this Court must find that IC 6–4.1–7–5 was repealed by implication by the enactment of IC 33–3–5–2. It is not possible to give effect to the jurisdiction provisions of both statutes and still give effect to the intent of the Legislature in creating this Court. Since the jurisdiction provisions of the two statutes are repugnant, IC 33–3–5–2, as the later statute, operates to the extent of the repugnancy of the older statute. *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048, 1055–56 (citing to *Payne v. Buchanan* (1958), 238 Ind. 231, 238, 148 N.E.2d 537, 540). Thus IC 33–3–5–2 controls when the appeal is from a final determination of the Department.

■ The determination being appealed is dated December 8, 1987, and denominated as an "Order Determining Value of Estate And Amount of Tax, Etc." In the order is the language of the Department indicating that it "further finds and determines." It is this determination that is appealable to the court having probate jurisdiction under IC 6–4.1–7–5. The order is the final step in the administrative process before resort may be had to the judiciary, and is, thus, a final determination.

■ Blood also contends that because IC 33–3–5–1 refers to this Court as an "appellate court," the standard of review is limited to a review of the Department's action for abuse of discretion, etc. This is not the law. This Court, as did the court having probate jurisdiction prior to July 1, 1986, may hear the case *de novo*. It may hear all admissible evidence presented to it for the first time in the judicial proceeding. *United Artists Theatre Circuit, Inc. v. Indiana Dep't of State Revenue* (1984), Ind.App., 459 N.E.2d 754, 759. This type of review affords due process.

Accordingly, the petition by the Department for this Court to assert its exclusive jurisdiction is hereby granted. Blood's motion to strike the Department's motion be and the same is hereby overruled and denied. Exclusive jurisdiction over this cause is now asserted.