**HARLAN SPRAGUE DAWLEY, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE and John R. Gildea, Commissioner, Respondents.**

No. 49T05-9007-TA-00038.

Tax Court of Indiana.

Dec. 6, 1991.

---

**216**

Thomas A. Withrow, C. Daniel Yates, B. Keith Shake, James H. Rownd, Henderson, Daily, Withrow & Devoe, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondents.

### ORDER

FISHER, Judge.

The Respondents, Indiana Department of State Revenue and Commissioner John R. Gildea, in his official capacity (collectively the Department), move to dismiss the Petitioner's, Harlan Sprague Dawley, Inc. (Harlan Sprague), 42 U.S.C. § 1983 (§ 1983) claim for lack of subject matter jurisdiction pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(1). The claim at issue in Harlan Sprague's petition, as

1. 28 U.S.C. § 1341 (1982).

amended, requests injunctive and declaratory relief pursuant to § 1983 and attorneys' fees pursuant to 42 U.S.C. § 1988 (§ 1988), asserting the Department imposed sales tax under color of state law in deprivation of Harlan Sprague's federal constitutional rights.

### ISSUES

I. Does the Indiana Tax Court have subject matter jurisdiction under its enabling legislation to determine a federal claim made pursuant 42 U.S.C. § 1983 challenging the state's taxation?

II. If the answer to the first issue is affirmative, is the court's exercise of subject matter jurisdiction barred by the application of the "plain, speedy, and efficient" state remedy standard of the Tax Injunction Act of 1937,[1] the doctrine of equitable restraint, or the existence of an exclusive state remedy?

III. If the court's jurisdiction is not barred, does the court have the discretion to refuse to hear Harlan Sprague's § 1983 claim?

### DISCUSSION AND DECISION

**I.**

According to Indiana's well-settled standard: "Jurisdiction of the subject matter involves the *POWER*[2] of the court to hear and determine a general class of cases to which the proceedings belong." *In re Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780. Regardless of whether the court is one of limited or general jurisdiction, subject matter jurisdiction is not simply jurisdiction over the particular case occupying the court, but is jurisdiction over the class of cases to which the particular case belongs. *See State ex rel. Egan v. Wolever* (1891), 127 Ind. 306, 315, 26 N.E. 762, 765 (citing *Jackson v. Smith* (1889), 120 Ind. 520, 522, 22 N.E. 431; *Yates v. Lansing*, 5 Johns. 282). "The only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether th[e] kind of claim the plaintiff

2. Emphasis added, as expressed by Professor Harry Pratter, 1964.

advances falls within the general scope of authority conferred upon such court by the constitution or statute." *In re Adoption of H.S.*, 483 N.E.2d at 780 (citing *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99).

■ As a general rule, state courts have subject matter jurisdiction concurrently with federal courts over cases arising under federal law:

[S]tate courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication. *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–508 [82 S.Ct. 519, 522–523, 7 L.Ed.2d 483] (1962); *Claflin v. Houseman*, 93 U.S. 130, 136 [23 L.Ed. 833] (1876). The rule is premised on relation between the States and the National Government within our federal system. *See* The Federalist No. 82 (Hamilton). The two exercise concurrent sovereignty, although the Constitution limits the powers of each and requires the States to recognize federal law as paramount. Federal law confers rights binding on state courts, the subject-matter jurisdiction of which is governed in the first instance by state laws (footnote omitted).

*Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 477–78, 101 S.Ct. 2870, 2874–75, 69 L.Ed.2d 784.

Furthermore, the United States Supreme Court has held that § 1983 provides for concurrent jurisdiction between state and federal courts. *Martinez v. State of California* (1980), 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (quoting *Testa v. Katt* (1947), 330 U.S. 386, 391, 67 S.Ct. 810, 813, 91 L.Ed. 967); *Claflin v. Houseman* (1876), 93 U.S. 130, 137, 23 L.Ed. 833; *Maine v. Thiboutot* (1980), 448 U.S. 1, 11, 100 S.Ct. 2502, 2508, 65 L.Ed.2d 555. The Department, however, asserts the Indiana Tax Court, a court of limited jurisdiction, would exceed its legislative mandate and violate the separation of powers to entertain Harlan Sprague's § 1983 claim because the court does not have jurisdiction to determine tort claims.

■ Although state courts of general jurisdiction undisputedly enjoy concurrent jurisdiction over § 1983 claims, they nonetheless are deprived of jurisdiction over all causes, matters, and proceedings if exclusive jurisdiction is conferred by statute upon some other court. *Wabash R. Co. v. Pub. Serv. Comm'n* (1953), 232 Ind. 277, 285, 112 N.E.2d 292, 295 (Bobbitt, J., dissenting) (citing Burns' 1946 Repl., § 4–303). The Indiana General Assembly established the Indiana Tax Court as a specialized forum with expertise in tax matters. The enabling legislation defines the tax court's jurisdiction:

(a) The tax court is a court of limited jurisdiction. *The tax court has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by:*

(1) *the department of state revenue* with respect to a listed tax (as defined in IC 6–8.1–1–1); or

(2) *the state board of tax commissioners.*

(b) The tax court also has any other jurisdiction conferred by statute.

(c) The cases over which the tax court has exclusive original jurisdiction are referred to as original tax appeals in this chapter. The tax court does not have jurisdiction over a case unless:

(1) the case is an original tax appeal; or

(2) the tax court has otherwise been specifically assigned jurisdiction by statute.

IND.CODE 33–3–5–2 (emphasis added).

The legislature therefore removed from Indiana's courts of general jurisdiction the power to hear and determine the general class of cases within the tax court's exclusive jurisdiction. As a result, a § 1983 claim, a federal civil rights tort, which arises under the tax laws of Indiana and is the initial appeal from the final determination of a state tax agency can only be determined in Indiana by the tax court. Accordingly, The tax court has subject mat-

ter jurisdiction under IC 33–3–5–2(a) to hear and determine Harlan Sprague's § 1983 claim if it "arises under" the tax laws of Indiana and is within the initial appeal of the Department's final determination.

■ The court has not specifically construed the "arises under" language of IC 33–3–5–2(a). The United States Supreme Court's interpretation of similar jurisdictional "arising under" language in both Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1331(a) is relevant to an interpretation of IC 33–3–5–2(a) by analogy. Harlan Sprague asserts the scope of the jurisdictional grant in IC 33–3–5–2 should be interpreted as expansively as its Constitutional and statutory analogues. The United States Constitution grants judicial power to the federal courts: "The judicial Power shall extend to all Cases, in Law and Equity, *arising under* this Constitution, the Laws of the United States, and the Treaties made, or which shall be made, under their Authority...." U.S. Const., Art. III, § 2 (emphasis added). The Supreme Court reads this language together with its legislative history as a broad jurisdictional grant.

[The] language in art. III, § 2, of the Constitution, which has been construed as permitting Congress to extend federal jurisdiction to any case of which federal law potentially 'forms an ingredient,' see *Osborn v. Bank of the United States*, 9 Wheat. 738, 823, 6 L.Ed. 204 (1824), and its limited legislative history suggests that the 44th Congress may have meant to 'confer the whole power which the Constitution conferred,' 2 Cong.Rec. 4986 (1874) (remarks of Sen. Carpenter).

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust* (1983), 463 U.S. 1, 8 n. 8, 103 S.Ct. 2841, 2846 n. 8, 77 L.Ed.2d 420. Therefore, "a suit 'arises under' the Constitution if a petitioner's claim 'will be sustained if the Constitution ... [is] given one construction and will be defeated if [it is] given another.'" *Powell v. McCormack* (1969), 395 U.S. 486, 514, 89 S.Ct. 1944, 1960, 23 L.Ed.2d 491 (quoting *Bell v. Hood* (1946), 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939); *Osborn v. Bank of the United States* (1824), 22 U.S. 738, 822 (9 Wheat.), 6 L.Ed. 204 (superseded by statute).

Harlan Sprague's § 1983 claim would be sustained under one interpretation of the Indiana sales tax laws, but defeated under a different interpretation. Consequently, employing the Supreme Court's standard by analogy, Harlan Sprague's § 1983 claim "arises under" the tax laws of Indiana.

In addition, the Constitution's "arising under" language is the source of the federal doctrine of pendant jurisdiction in which federal courts have jurisdiction over state claims that do not "arise under" the federal laws if brought in a single case with sufficient federal claims. *See United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 724–25, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218. The pendency doctrine illustrates the breadth of the interpretation of the Constitution's jurisdictional grant. Pendent jurisdiction is properly invoked if the federal claim is sufficient to confer subject matter jurisdiction, if the state and federal claims derive from a common nucleus of operative fact, and if the claims are the type the plaintiff would expect to be tried in a single proceeding. *Id.*

Harlan Sprague's state and federal claims [3] derive from a common nucleus of

3. Harlan Sprague's state claims assert the Department erroneously and unconstitutionally denied Harlan Sprague's claims for refund, asserted pursuant to IND.CODE 6–8.1–9–1(a), of tax assessed under IND.CODE 6–2.5–2–1, and paid for the calendar years 1982, 1983, 1984, and 1985, finding Harlan Sprague ineligible for Indiana Gross Retail Tax and Use Tax (sales tax) exemptions under IND.CODE 6–2.5–5–3, 6–2.5–5.1, 6–2.5–5–6, 6–2.5–5–1, 6–2.5–5–2, 6–2.5–4–5. Harlan Sprague's federal claims assert the Department's denial of the claims for refund violated Harlan Sprague's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution because the Department did not rely on previously stated, ascertainable standards in the exercise of its discretion in applying the sales tax laws, *See Podger v. Indiana University* (1978), 178 Ind.App. 245, 381 N.E.2d 1274, and assert this constitutional violation is properly redressed under § 1983.

operative fact, the Department's denial of a sales tax claimed exemption for materials purchased for breeding research animals. Indeed, Harlan Sprague's claims raise substantial state issues and would be expected to be tried together in a single proceeding because the construction and application of Indiana's sales tax laws are determinative. Therefore, analogous application of the federal pendency analysis to interpreting IC 33-3-5-2(a) permits jurisdiction over Harlan Sprague's § 1983 claim even if the claim did not independently invoke the court's jurisdiction.

The "arises under" language in the tax court's enabling legislation is also similar to the "arising under" language in 28 U.S.C. § 1331(a) (§ 1331), which grants original jurisdiction to the district courts. According to § 1331, a case "arises under" 1) the law that creates the cause of action,[4] 2) the federal law if redressing a right under state law depends on some construction of federal law,[5] 3) the federal law if the complaint discloses a need to determine the meaning or application of a federal law,[6] and 4) the federal law if a disputed question of federal law is a necessary element of one of the state claims.[7]

Harlan Sprague's § 1983 claim meets the same standards used to define the scope of § 1331. The cause of action is created by the alleged violation of Indiana's tax statutes; the federal remedy claimed depends on the construction of Indiana sales tax law; the petition reveals the need to determine the meaning and application of Indiana's sales tax law; and the disputed exemption from Indiana sales tax is an essential element in determining whether a violation of the Constitution permits a § 1983 remedy.

This court has construed its overall jurisdictional mandate broadly. *See Hutchinson v. Indiana State Bd. of Tax Comm'rs* (1988), Ind.Tax, 520 N.E.2d 1281 (without express statutory jurisdiction, the court held a third party taxpayer attacking a final determination properly invoked jurisdiction because an action existed at common law); *Blood v. Poindexter* (1988), Ind. Tax, 524 N.E.2d 824, (the court exercised exclusive jurisdiction over an appeal of the valuation and taxation of an estate because the case arose under Indiana's tax laws and the appeal was a final determination of the Department) (superseded by statute). A broad construction of the jurisdictional grant under IC 33-3-5-2(a) is consistent with the legislature's underlying purpose for creating the tax court, "to prevent ninety-[two] different interpretations of a panoply of tax issues." *Blood* at 824 (citing *Herff Jones, Inc. v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 485, 491). Moreover, the court's broad construction is consistent with the liberal rules of joinder incorporated in the Indiana Rules of Trial Procedure, which encourage entertaining the broadest possible scope of action consistent with fairness to the parties. *See e.g.* Ind.Rules of Procedure, Trial Rules 15, 18, 20; *cf. Gibbs*, 383 U.S. at 724, 86 S.Ct. at 1138 (reciting the same proposition for the Federal Rules of Civil Procedure).

The court therefore finds Harlan Sprague's § 1983 claim independently invokes the tax court's concurrent subject matter jurisdiction because the "arises under" language in IC 33-3-5-2(a) confers a broad jurisdictional grant consistent with its federal constitutional and statutory analogues, its practice, and the Indiana Rules of Procedure.

## II.

The Department next contends the tax court is barred from exercising jurisdiction over Harlan Sprague's § 1983 claim by the application of the Tax Injunction Act's

---

4. *Franchise Tax Bd.*, 463 U.S. at 8-9, 103 S.Ct. at 2846 (quoting *Am. Well Works Co. v. Layne & Bowler Co.* (1916), 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (Holmes, J.)).

5. *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. at 2846.

6. *Id.* (citing *T.B. Harms Co. v. Eliscu* (2nd Cir. 1964), 339 F.2d 823, 827), *cert. denied*, (1965), 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435.

7. *Id.* 463 U.S. at 12-13, 103 S.Ct. at 2847-48 (the well-pleaded complaint rule); *see also Gully v. First Nat'l Bank* (1936), 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70.

"plain, speedy, and efficient" state remedy standard, or in the alternative, the principles of equitable restraint, or the existence of an exclusive state remedy.

In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that the state courts enjoy concurrent jurisdiction. *See California v. Arizona,* 440 U.S. 59, 66–67 [99 S.Ct. 919, 924, 59 L.Ed.2d 144] (1979); *Charles Dowd Box Co. v. Courtney,* 368 U.S. at 507–508 [82 S.Ct. at 522–523]. Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state court jurisdiction and federal interests. *See ibid.; Claflin, supra,* [93 U.S.] at 137. *See also Garner v. Teamsters,* 346 U.S. 485 [74 S.Ct. 161, 98 L.Ed. 228] (1953) (grievance within jurisdiction of National Labor Relations Boars to prevent unfair labor practice not subject to relief by injunction in state court).

*Gulf Offshore,* 453 U.S. at 477–78, 101 S.Ct. at 2875.

## "PLAIN, SPEEDY, AND EFFICIENT" STATE REMEDY STANDARD

■ The Tax Injunction Act of 1937 (the ACT) is an explicit statutory directive prohibiting federal courts from exercising jurisdiction over state tax matters if a "plain, speedy, and efficient" state remedy exists:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State Law where a plain, speedy and efficient remedy may be had in the Courts of such State.

28 U.S.C. § 1341. The ACT shifts jurisdiction over claims challenging state taxation from federal to state court. The ACT does not directly bar a state court's jurisdiction over federal claims. *Fair Assessment in Real Estate Ass'n v. McNary* (1981), 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (taxpayers first must seek to protect their federal rights in state court); *see also Burrell v. Mississippi State Tax Comm'n* (1988), Miss., 536 So.2d 848, 864 (construing the ACT as a bar to state court jurisdiction "confuses a federal jurisdictional limitation, 28 U.S.C. § 1341, with the enforceability of a federally created right and remedy in a state court."); *Marx v. Truck Renting and Leasing Ass'n* (1988), Miss., 520 So.2d 1333, 1346 ("[I]t is the absence of federal jurisdiction under [the ACT] which operates to open the door to the state courthouse so that the taxpayer may there assert his § 1983 claim."), *overruling, State Tax Comm'n v. Fondren* (1980), Miss., 387 So.2d 712, *cert. denied sub. non., Redd v. Lambert* (1981), 450 U.S. 1040, 101 S.Ct. 1757, 68 L.Ed.2d 237, *rev'd, Marx,* 520 So.2d 1333.

■ The Department argues, however, relying on the reasoning in *Zizka v. Water Pollution Control Auth.* (1985), 195 Conn. 682, 490 A.2d 509, that even if the ACT "does not operate as a jurisdictional barrier in state courts, it nonetheless *points the way* to the proper standard by which state tax challenges should be measured." *Id.* at 690, 490 A.2d at 513 (emphasis added); *see also Linderkamp v. Bismark School Dist. No. 1* (1986), N.D., 397 N.W.2d 76, 79. The Department would cull the standard from the ACT and give it independent vitality. Consequently, if Indiana law is procedurally sufficient, providing a "plain, speedy, and efficient" state remedy,[8] the tax court would be barred from hearing Harlan Sprague's § 1983 claim.

The "plain, speedy, and efficient" remedy standard is the means of effecting the ACT's purpose, to limit federal interference in state fiscal operations. *Rosewell v. LaSalle Nat'l Bank* (1981), 450 U.S. 503, 527, 101 S.Ct. 1221, 1236, 67 L.Ed.2d 464. The fear of federal interference disappears, however, if a § 1983 claim is heard in state court because the state can require exhaustion of administrative remedies prior to litigating the § 1983 claim. The court therefore would act arbitrarily to employ the "plain, speedy, and efficient" state remedy

---

**8.** *See infra* text accompanying note 14.

standard, without advancing a similar purpose to the purpose the standard was designed to promote and, at the same time, sacrificing the important policies of judicial economy, preventing a multiplicity of lawsuits, and fairness to parties. Furthermore, application of the ACT's standard in state court would operate to bar § 1983 claims from both state and federal fora, a result not intended by the ACT. *See Bung's Bar & Grille, Inc. v. Township Council* (1985), 206 N.J.Super. 432, 461, 502 A.2d 1198, 1214–15 (the ACT could not intend to prohibit access to all courts). Accordingly, the court finds the ACT's "plain, speedy, and efficient" state remedy standard is inapplicable to determine the scope of state court jurisdiction.

### EQUITABLE RESTRAINT

■ The Department asserts, in the alternative, the principle of equitable restraint bars the tax court from exercising jurisdiction over a § 1983 claim when adequate state remedies are available. The Department contends the equitable principles underlying the Tax Injunction Act that prevent federal courts from ruling on state tax questions likewise bar state courts from hearing § 1983 tax challenges.

Prior to the enactment of the Tax Injunction Act in 1937, federal courts exercised restraint in state tax matters based on traditional equitable principles. *See Matthews v. Rodgers* (1932), 284 U.S. 521, 525–26, 52 S.Ct. 217, 219–20, 76 L.Ed. 447; *Dows v. Chicago* (1870), 78 U.S. 108, 110 (11 Wall.), 20 L.Ed. 65. Equitable restraint was derived from the limitation on equity jurisdiction contained in section 16 of the Judiciary Act of 1789, 28 U.S.C. § 384 (repealed June 25, 1948), and was dictated by notions of comity and state fiscal autonomy, directing federal courts not to interfere in state taxation if the state remedy is "plain, adequate, and complete." *Matthews*, 284 U.S. at 526, 52 S.Ct. at 220; *see also Fair Assessment*, 454 U.S. at 116, 102 S.Ct. at 186. Following the enactment of the Tax Injunction Act, the Supreme Court continues to recognize the vitality of equitable restraint in federal courts hearing cases challenging state taxation under § 1983. *See Fair Assessment*, 454 U.S. at 104, 102 S.Ct. at 180; *see also Tully v. Griffin, Inc.* (1976), 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227; *Great Lakes Dredge & Dock Co. v. Huffman* (1943), 319 U.S. 293, 297–98, 63 S.Ct. 1070, 1072–73, 87 L.Ed. 1407.

A § 1983 claim challenging state taxation brought in state court implicates none of the comity or state fiscal autonomy concerns that exist if the claim were brought in federal court; however, the doctrine of equitable restraint is relevant to this court's determination. When asked to grant equitable relief, as in the case at bar, the tax court, having jurisdiction over suits in equity,[9] "incorporates the general body of traditional equity concepts." *Am. Trucking Ass'ns v. State* (1987), Ind.Tax, 512 N.E.2d 920, 923. A § 1983 claim is equitable in nature, derived from its remedial purpose to provide a federal remedy when a state remedy is inadequate. *Monroe v. Pape* (1961), 365 U.S. 167, 173, 81 S.Ct. 473, 476, 5 L.Ed.2d 492. Consequently, in the case at bar, the doctrine of equitable restraint bars relief under § 1983 if Indiana's remedies are adequate.

■ Section 1 of the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983, authorized private civil actions against persons who deprived others of their Constitutional rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of and State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. § 1983 is not the source of any federal rights, but secures them by providing a remedy. *Chapman v. Hous-*

---

9. IND.CODE 33-3-5-11(c).

*ton Welfare Rights Org.* (1979), 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508. A plaintiff therefore must establish a violation of an underlying federal statute or constitutional right to come under the umbra of § 1983.

Once a § 1983 claim is invoked, however, an integral part of a federal remedy is the recovery of attorneys' fees under § 1988, *Maine,* 448 U.S. at 11, 100 S.Ct. at 2508, to encourage private enforcement of the civil rights statutes.[10]

> [O]ne reason the legislation [§ 1983] was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies.

*Monroe,* 365 U.S. at 180, 81 S.Ct. at 480. The Civil Rights Attorney's Fees Awards Act of 1976 (the Fees Act), codified at 42 U.S.C. § 1988, confers the discretion to award attorney's fees in an action to enforce a provision of § 1983.

On the other hand, Indiana law does not provide for the recovery of attorneys' fees by taxpayers who successfully challenge state taxation. If the state burdens a taxpayer's federal constitutional rights, the taxpayer must pay to defend the rights he or she is guaranteed. Consequently, the average taxpayer may be unable to protect his or her constitutional rights against discriminatory taxing authorities because attorneys are too expensive. Without awarding attorneys' fees, Indiana's remedies will not permit those who cannot afford attorneys' fees to vindicate their federal rights, make a taxpayer whole after proving deprivation, or encourage taxing authorities to act within the law.

The court therefore finds the recovery of attorneys' fees is necessary to adequately vindicate the deprivation of a taxpayer's federal civil rights, and Indiana's statutory tax refund procedure does not offer adequate remedies[11] to redress this federal constitutional harm. Any other finding disregards the Supreme Court's admonition in *Monroe v. Pape:* "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Monroe,* 365 U.S. at 183, 81 S.Ct. at 482. Consequently, the tax court is not barred from exercising jurisdiction over Harlan Sprague's § 1983 claim by the doctrine of equitable restraint.

### EXCLUSIVE STATE REMEDY

■ The Department next contends the General Assembly enacted Indiana's tax laws as the exclusive remedy for redressing tax disputes, thus barring the court's exercise of jurisdiction over § 1983 actions. To support this contention, the Department first relies on cases in which the Supreme Court held a federal statute provided an exclusive remedy and second, on cases in which Indiana courts held the Administrative Adjudication Act (AAA), Ind.Code 4–22–1–1 *et seq.* (current version at Ind.Code 4–21.5–5–5), was an exclusive remedy, precluding a § 1983 claim.

An exclusive remedy is designed to protect the integrity of statutory remedies.

---

10. "If the cost of private enforcement becomes too great, there will be no private enforcement. If our civil rights laws are not to become hollow pronouncements which the average citizen cannot enforce, we must maintain the traditionally effective remedy of fee-shifting in these cases." S.REP. NO. 1011, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S.CODE CONG. & ADMIN.NEWS 5908, 5913.

11. Indiana law provides taxpayers with a "plain, speedy, and efficient" remedy within the meaning of the Tax Injunction Act. *See infra* text accompanying note 14. Nevertheless, an equitable analysis requires the remedy to be "plain, adequate, and complete." Supreme Court dicta did not recognize any significant difference between "plain, speedy, and efficient" state remedies, within the meaning of the Tax Injunction Act, and "plain, adequate, and complete" state remedies, as used in articulating the doctrine of equitable restraint, for the limited purposes of decision in *Fair Assessment.* The significance of the standards in *Fair Assessment* only was the common concern "that plaintiffs seeking protection of federal rights in federal courts should be remitted to their state remedies if their federal rights will not thereby be lost." *Fair Assessment,* 454 U.S. at 117, n. 8, 102 S.Ct. at 186, n. 8.

Judicial rules, such as prohibiting the circumvention of statutory remedies and requiring the exhaustion of statutory remedies, further this goal.

The Supreme Court has held certain federal remedial statutes are exclusive, thus prohibiting § 1983 claims that would circumvent remedies provided by an exclusive federal statute.[12] The plaintiffs in these cases attempted to invoke broader remedies, including attorneys' fees, available under § 1983, but unavailable under the federal statute involved. Considering the federal statute's legislative history and carefully tailored provisions for administrative and judicial review, the Supreme Court determined Congress did not intend the statute's remedial provisions to be circumvented, thus implying the repeal of § 1983.

> Since 1871, when it was passed by Congress, § 1983 has stood as an independent safeguard against deprivations of federal constitutional and statutory rights. *See Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972); *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). Nevertheless, § 1983 is a statutory remedy and Congress retains the authority to repeal it or replace it with an alternative remedy (footnote omitted).

*Smith v. Robinson* (1984), 468 U.S. 992, 1012, 104 S.Ct. 3457, 3468, 82 L.Ed.2d 746. By analogy, the Department asserts both the detailed provisions for administrative and judicial review of tax agencies' decisions and the enactment of IND.CODE 33–3-5-1, providing the tax court as the exclusive forum to hear tax matters, indicate the legislature intended Indiana's tax laws as the exclusive remedy to redress tax disputes.

Indiana has a carefully tailored tax scheme providing both administrative and judicial review, however, legislative history is unavailable to determine whether the legislature intended to supersede federal remedies for Constitutional deprivations. The enactment of IC 33–3-5-1 does not indicate Indiana law provides an exclusive remedy, but merely provides exclusive jurisdiction to determine appropriate remedies. Moreover, the cases the Department cites, involving the implied repeal of § 1983 by Congress, are not applicable because the case at bar does not involve a competing federal statute, and the Department offers no authority proposing Indiana's remedial scheme implies the repeal of a federal statute's remedial provisions. Indeed, unlike the cases the Department relies on, circumvention of remedies is not a hazard in the case at bar because Harlan Sprague perfected all the procedural steps prescribed under IND.CODE 6–8.1-9-1 to challenge the Department's final determination.

The Department also relies on *May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546 and *Warram v. Stanton* (1981), Ind. App., 415 N.E.2d 114, for the proposition that an independent claim under § 1983 is superseded by an exclusive statutory procedure for review, thus requiring exhaustion of remedies. *May*, 460 N.E.2d at 550 (citing *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 347–48, 398 N.E.2d 679, 680, *reh'g denied*, 180 Ind.App. 347, 398 N.E.2d 679, *trans. denied*, (1980), *cert. denied*, (1980), 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160); *see also Warram*, 415 N.E.2d at 117. Both *May* and *Warram* involved actions in which the plaintiff failed to timely file for judicial review of an agency action as required under the AAA, IND.CODE 4–22-1-14 (current version at IND.CODE 4–21.5-5-5). The AAA is " 'the

---

**12.** *e.g. Smith v. Robinson* (1984), 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (Education of the Handicapped Act is the exclusive means of enforcing claims alleging violations of equal protection rights of handicapped students, precluding action under § 1983); *Brown v. Gen. Servs. Admin.* (1976), 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (§ 1983 damage claim barred because an exclusive remedy existed under § 717 of the Civil Rights Act of 1964 that did not provide for damages); *Bush v. Lucas* (1983), 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (federal civil service employees must rely on relief provided by the federal civil service system exclusively rather than claiming more generous relief under a claim the employees' constitutional rights were violated).

*exclusive* path to the [state] courts [ ] *by review.*' " *May*, 460 N.E.2d at 550 (quoting *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 339, 389 N.E.2d 43, 47) (emphasis in the original and supplied). The right to secure judicial review of an administrative action in state court is foreclosed if the statutory procedure is not followed. *Warram*, 415 N.E.2d at 117 (class action for injunctive and declaratory relief precluded); *May*, 460 N.E.2d at 551 (class action under § 1983 precluded).[13] Indeed, because § 1983 confers no substantive rights but depends on an underlying claim that federal rights were abridged, the state forum also is eliminated for a § 1983 claim when faulty procedure fails to properly invoke jurisdiction over the underlying claims, as in *May* and *Warram*.

Similarly, "this court recently found the procedural requirements of IC 6–8.1–9–1 must be met to invoke the jurisdiction of the tax court when a refund is sought, and the court cannot expand its jurisdiction 'beyond the jurisdiction expressly provided by statute.' " *Evansville Concrete Supply Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 571 N.E.2d 1350, 1352 (quoting *Gasamerica Servs., Inc. v. State Dep't of Revenue* (1990), Ind.Tax, 552 N.E.2d 860, 862). A taxpayer who skips a procedural step on the exclusive path to the courthouse door, is locked out of the state forum. Unlike the plaintiffs in *May* and *Warram*, however, Harlan Sprague followed the required procedures for administrative and judicial review required under IC 6–8.1–9–1. Having proper jurisdiction over the underlying federal claims, the tax court has jurisdiction over the § 1983 claim.

Contrary to the general rule, exhaustion of remedies provided by an exclusive remedy is not a prerequisite to asserting a § 1983 claim in federal court. *Patsy v. Bd. of Regents* (1982), 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172; *Monroe,*

365 U.S. 167, 183, 81 S.Ct. 473, 482. Nevertheless, state courts have adhered to the exhaustion rule. *L.L. Bean, Inc. v. Bracey* (1991), Tenn., 817 S.W.2d 292 (§ 1983 claim precluded because the state's procedure to dispute assessment or claim a refund was not followed); *Nutbrown v. Munn* (1991), 311 Or. 328, 811 P.2d 131, 138–39 (require taxpayers to exhaust state administrative remedies to bring a § 1983 claim in an Oregon court). The exception to the exhaustion rule has been extended to § 1983 claims when asserted simultaneously in state court with claims based on state statutory or decisional law:

> The Mississippi exhaustion rule adopted in *Fondren* is not only contrary to New Jersey practice, it is also contrary to the rulings of the United States Supreme Court in *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), and *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In those cases, the court held that the exhaustion of state judicial and administrative remedies was not required in order to maintain a section 1983 suit. It follows that the plaintiffs' joinder of section 1983 claims with claims based upon state statutes and state decisional law was proper and that this Court could have considered those claims simultaneously.

*Bung's Bar & Grille*, 206 N.J.Super. at 461–62, 502 A.2d at 1215.

Harlan Sprague properly exhausted its administrative remedies, preserving the integrity of the administrative process. Harlan Sprague also properly invoked the court's jurisdiction under IC 6–8.1–9–1(a), merely commencing not exhausting Indiana's judicial remedies. Nevertheless, a § 1983 claim asserted simultaneously with other properly asserted claims in state court does not summon the evils the exhaustion rule is intended to prevent. Federalism concerns are absent in a state forum. Moreover, pursuing the state's judi-

---

**13.** In *May*, the court supported its finding that judicial review supersedes an independent action noting judicial review of an agency's final action under the AAA, IND.CODE 4–22–1–18, is not a *de novo* review, yet an independent action

is *de novo*. *May*, 460 N.E.2d at 551, n. 8. No similar distinction exists in the case at bar because both the tax court's review of the Department's final determination and a § 1983 action are *de novo*.

cial remedies does not bridle federal rights because state courts are required not to discriminate against federal issues.

A state court exercising jurisdiction over a § 1983 claim is consistent with the supplemental nature of § 1983. "The federal remedy is supplemental to the state remedy ...," *Monroe*, 365 U.S. at 183, 81 S.Ct. at 482, and therefore, a § 1983 claim does not nullify the state remedies by substitution. "Thus, overlapping state remedies are generally irrelevant to the existence of a cause of action under § 1983." *Zinermon v. Burch* (1990), 494 U.S. 113, 110 S.Ct. 975, 982, 108 L.Ed.2d 100.

Consequently, the court finds the exercise of jurisdiction over Harlan Sprague's § 1983 claim is not barred by an exclusive remedy because the General Assembly did not intend Indiana's tax laws to be the exclusive remedy to redress a Constitutional deprivations that violate a taxpayer's civil rights and because Harlan Sprague exhausted administrative remedies and did not circumvent state remedies.

### III.

The usual means of redressing violations of Constitutional rights by state officials is to bring suit in federal district court under § 1983. The Tax Injunction Act, however, prohibits district courts from entertaining state tax matters when a "plain, speedy, and efficient" state remedy exists, as in Indiana.[14]

State courts may adjudicate § 1983 claims. *Martinez*, 444 U.S. at 283 n. 7, 100 S.Ct. at 558 n. 7; *Maine*, 448 U.S. at 11, 100 S.Ct. at 2508. Because federal fora are unavailable, state courts possessing concurrent jurisdiction over § 1983 claims are the only fora in which a § 1983 claim can be raised. The Supreme Court has reserved, however, the question whether a state court must assume jurisdiction over a § 1983 claim. *Arkansas Writers' Project, Inc. v. Ragland* (1987), 481 U.S. 221, 234 n. 7, 107 S.Ct. 1722, 1730 n. 7, 95 L.Ed.2d 209; *accord Martinez*, 444 U.S. at 283 n. 7, 100 S.Ct. at 558 n. 7; *Maine*, 448 U.S. at 3 n. 1, 100 S.Ct. at 2503 n. 1. Some states have determined they have the discretion to refuse to hear § 1983 tax challenges if a "plain, speedy, and efficient" state remedy is available.[15] On the other hand, courts in four states have decided they are obligated to hear § 1983 tax challenges.[16] The Department claims the court has the discretion to refuse to hear a § 1983 tax challenge.

State courts are bound to recognize the supreme authority of federal law:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the

**14.** The "plain, speedy, and efficient" state remedy standard requires a state remedy to meet minimal procedural requirements. *Rosewell v. LaSalle Nat'l Bank* (1981), 450 U.S. 503, 513, 101 S.Ct. 1221, 1229, 67 L.Ed.2d 464. Indiana law permits Harlan Sprague a "'full hearing and judicial determination.'" *See Id.* at 515, 101 S.Ct. at 1230 (quoting S.Rep. No. 701, 72nd Cong., 1st Sess. 2 (1932) (emphasis omitted). Indiana's current statutory scheme therefore provides a "plain, speedy, and efficient" remedy. *See also Green v. Klinkofe* (N.D.Ind.1976), 422 F.Supp. 1021, 1027 (the court's dictum stated Indiana statutory remedies, antecedent to the broader remedies currently available, met the "plain, speedy, and efficient" standard).

**15.** *See Zizka v. Water Pollution Control Auth.* (1985), 195 Conn. 682, 490 A.2d 509; *Backus v. Chilivis* (1976), 236 Ga. 500, 224 S.E.2d 370; *Vann v. DeKalb County Bd. of Tax Assessors* (1988), 186 Ga.App. 208, 367 S.E.2d 43; *Stuffleb-*

*aum v. Panethiere* (1985), Mo., 691 S.W.2d 271; *Strain v. Baryla* (1984), N.Y.Tax Comm'n; *Johnston v. Gaston County* (1984), 71 N.C.App. 707, 323 S.E.2d 381; *Linderkamp v. Bismarck School Dist. No. 1* (1986), N.D., 397 N.W.2d 76; *Spencer v. South Carolina Tax Comm'n* (1984), 281 S.C. 492, 316 S.E.2d 386, *cert. granted*, (1984), 469 U.S. 879, 105 S.Ct. 242, 83 L.Ed.2d 181, *aff'd*, (1985), 471 U.S. 82, 105 S.Ct. 1859, 85 L.Ed.2d 62; *Davis v. City of Elkhorn* (1986), 132 Wis.2d 394, 393 N.W.2d 95; *L.L. Bean, Inc. v. Bracey* (Sept. 9, 1991), Tenn., 817 S.W.2d 292.

**16.** *See Beverly Bank v. Bd. of Review* (1983), 117 Ill.App.3d 656, 72 Ill.Dec. 791, 453 N.E.2d 96, *cert. denied*, (1984), 466 U.S. 951, 104 S.Ct. 2153, 80 L.Ed.2d 539; *Allison v. Bd. of County Comm'rs* (1987), 241 Kan. 266, 737 P.2d 6; *Burrell v. Mississippi State Tax Comm'n* (1988), Miss., 536 So.2d 848; *Bung's Bar & Grille, Inc. v. Township Council* (1985), 206 N.J.Super. 432, 502 A.2d 1198.

Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. CONST. art. VI, cl. 2 (the "Supremacy Clause").

"Just as federal courts are constitutionally obligated to apply state law to state claims, [citation omitted], so too the Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such a manner that all the substantial rights of the parties under controlling federal law [are] protected.'" *Felder v. Casey* (1988), 487 U.S. 131, 151, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123 (quoting *Garrett v. Moore–McCormack* (1942), 317 U.S. 239, 245, 63 S.Ct. 246, 251, 87 L.Ed. 239). The existence of jurisdiction creates the duty to exercise it. *Mondou v. New York, New Haven, & Hartford R.R.* (1912), 223 U.S. 1, 58, 32 S.Ct. 169, 178, 56 L.Ed. 327. The states' obligation to enforce federal laws is not diminished by the form in which federal laws are cast or the remedy federal laws provide. *Testa v. Katt*, 330 U.S. at 391, 67 S.Ct. at 813. An assumption that state courts do not have to entertain federal claims absent a procedural or jurisdictional reason "flies in the face that the states of the union constitute a nation [and] disregards the purpose and effect of the [Supremacy Clause]." *Id.* at 389, 67 S.Ct. at 812.

 The Supreme Court has specifically endorsed the *Testa* reasoning with respect to § 1983 claims. *Martinez*, 444 U.S. at 284 n. 7, 100 S.Ct. at 558 n. 7. Consequently, if a state court entertains similar state claims, it may not refuse to entertain a federal § 1983 claim.

 Indiana accepted its obligation to adjudicate § 1983 claims in *Colvin v. Bowen* (1980), Ind.App., 399 N.E.2d 835:

Indeed the majority view has recognized that state courts do have concurrent jurisdiction over actions arising under § 1983. [citations omitted]. While not disputing this majority rule, defendants nevertheless maintain that the trial court has the discretionary power to refuse to invoke jurisdiction. This assertion is erroneous.

. . . .

'The ordinary rule, therefore, mandated upon the states is that they and their courts shall enforce the laws of Congress. Only if the Congress has exclusively reserved jurisdiction to the federal courts are state courts without power to act.' *Terry v. Kolski, supra*, [78 Wis.2d 475], 254 N.W.2d [704] at 705, 706, 707 [ (1977) ].

. . . .

'[T]he existence of jurisdiction creates the duty to exercise it. (*Gerry of California v. Superior Court* (1948), 32 Cal.2d 119, 122, 194 P.2d 689, 692; *see International Prisoners' Union v. Rizzo* (E.D.Pa.1973), 356 F.Supp. 806, at 810.)'

[*Brown v. Pitchers*, 13 Cal.3d 518] 119 Cal.Rptr. [204] at 207, 531 P.2d [772] at 775 [ (1975) ].

Thus, state courts of general jurisdiction are not free to deny enforcement of claims growing out of a valid federal statute such as § 1983. *See also: Dudley v. Bell, supra* [50 Mich.App. 678, 213 N.W.2d 805 (1973) ]; *Holt v. City of Troy* (1974), 78 Misc.2d 9, 355 N.Y.S.2d 94.

*Id.* at 837. Indiana's circuit courts, however, are prohibited from exercising jurisdiction over Harlan Sprague's § 1983 claim because the Indiana legislature granted the tax court exclusive jurisdiction over cases that arise under Indiana's tax laws in an initial appeal of the final determination of the state's tax agencies. IC 33–3–5–2. Consequently, that part of the state circuit court's concurrent jurisdiction which would normally include federal claims arising under the tax laws in initial appeals of tax agency determinations is now exclusively conferred upon the tax court. Because Indiana's circuit courts and the federal district courts cannot exercise jurisdiction over Harlan Sprague's § 1983 claim, the tax court is the sole court that can presently exercise jurisdiction, the sole court that can presently redress federally unconstitutional state taxation, and the sole court that can determine all the issues of Harlan Sprague's case with judicial economy and fairness to the parties.

Compulsory jurisdiction over § 1983 tax claims respects the mandate of the Supremacy Clause, discharges the duty to exercise concurrent jurisdiction, furthers the policy of judicial economy, and recognizes the federal remedies under § 1983 and § 1988 provide the means to assure the deprivation of federal rights does not go unvindicated. The tax court finds *Colvin v. Bowen* persuasive. No principled reason exists for the tax court to adopt a different rule.

The court therefore holds the exercise of its exclusive jurisdiction over Harlan Sprague's § 1983 claim is compulsory. The court's further finds its compulsory exercise of concurrent jurisdiction is not barred by the Tax Injunction Act's standard, the doctrine of equitable restraint, or the presence of an exclusive state remedy.

Accordingly, the court DENIES the Indiana Department of State Revenue and Commissioner John R. Gildea's motion to dismiss Harlan Sprague Dawley's § 1983 claim for want of subject matter jurisdiction pursuant to T.R. 12(B)(1).

ORDERED.