671 A.2d 137

3085 KENNEDY REALTY CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. TAX ASSESSOR OF THE CITY OF JERSEY CITY, THE CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND BANKERS TRUST COMPANY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 10, 1996—Decided February 9, 1996.

Before Judges LONG, MUIR, Jr. and BROCHIN.

*Margolis, Meshulam & Pobereskin,* attorneys for appellant (*Marlo J. Hittman,* on the brief).

*Sean M. Connelly,* Corporation Counsel, attorney for respondent City of Jersey City (*Michael Kremen,* Assistant Corporate Counsel, on the brief).

*Schumann, Hanlon & Panepinto,* attorneys for respondent Bankers Trust Company (*Anthony Romano, II,* of counsel and on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Plaintiff 3085 Kennedy Realty Company was the owner of three contiguous parcels of real estate in Jersey City. A city-wide real property reevaluation to be effective for the tax years 1988 and thereafter valued the three parcels as follows: Parcel 1: $89,300; Parcel 2: $129,700; and Parcel 3: $746,700.

Despite these valuations, the three parcels were assessed as follows for the 1989 tax year: Parcel 1: $89,300; Parcel 2: $864,000; and Parcel 3: $1,710,000. Plaintiff appealed these assessments to the Hudson County Board of Taxation pursuant to *N.J.S.A.* 54:3–21. On motion of the defendant municipality, the Board dismissed the appeals in accordance with *N.J.S.A.* 54:3–27 because the taxes had not been paid. Plaintiff did not appeal that dismissal.

For 1990, plaintiff's three parcels were assessed at the same values as for 1989. Plaintiff appealed his 1990 taxes directly to the Tax Court. *See N.J.S.A.* 54:3–21.[1] On the motion of the municipality, this appeal was also dismissed because taxes on the property had not been paid. Plaintiff did not appeal that dismissal.

According to plaintiff's brief, it did not contest the assessments for the tax years 1991 through 1993.

On November 15, 1990, Jersey City conducted a tax sale of plaintiff's properties and, for lack of any other buyer, acquired the tax sale certificates. On June 30, 1993, the municipality sold the

---

[1] *N.J.S.A.* 54:3–21 authorizes a taxpayer to appeal a property assessment directly to the Tax Court if the property's assessed value exceeds $750,000.

certificates to defendant Banker's Trust Company. The certificates for Parcel 1 were subsequently purchased and redeemed.

In June and August 1994, Bankers Trust instituted suits to foreclose the taxpayer's equity of redemption in Parcels 2 and 3. By order to show cause and verified complaint, plaintiff filed a separate suit against Jersey City, its assessor, and Bankers Trust Company to stop the foreclosure. Plaintiff's complaint alleged that the conduct of Jersey City and its tax assessor deprived it of substantive due process and equal protection of the law; that the imposition of so burdensome a tax constituted the exercise of eminent domain; that the tax exceeded the upper limit of the common level range provided for in *N.J.S.A.* 54:51A–6 and *N.J.S.A.* 54:1–35a; and that the tax was the result of a mistake or error subject to correction pursuant to *N.J.S.A.* 54:51A–7 and 54:4–54. The order to show cause obtained by plaintiff sought an injunction prohibiting Bankers Trust from foreclosing on or disposing of any interest in the real estate parcels and requiring defendants to take whatever actions were necessary to permit plaintiff to redeem the parcels upon paying the taxes lawfully due.

The Law Division denied the requested relief on the ground that it lacked jurisdiction. It held that the remedy provided by *N.J.S.A.* 54:51A–6, *N.J.S.A.* 54:51A–7 or *N.J.S.A.* 54:4–54 was available only in the Tax Court, and that the Appellate Division was the only forum in which relief could be sought from the Tax Court's dismissal of plaintiff's appeal.

By motion for reconsideration plaintiff argued that *R.* 4:69–1 *et seq.*, governing actions in lieu of prerogative writs, conferred jurisdiction on the Law Division to grant the relief which it sought. The court denied the motion on the ground that it was authorized to proceed under that rule only in a case in which relief was, according to the terms of the rule, "not available under *R.* 2:2–3 or *R.* 8:2," *i.e.*, not available in either the Appellate Division or the Tax Court.

Bankers Trust then moved to dismiss plaintiff's complaint on the basis of these rulings denying both relief and reconsideration

for lack of jurisdiction. A Law Division judge other than the one who had made those rulings entered an order granting the dismissal motion. Although the order itself does not specify whether the dismissal was intended to be with or without prejudice, the motion judge's brief letter opinion announcing his ruling declares that the dismissal was intended to be with prejudice.

■ Plaintiff has appealed from this dismissal order, arguing that the order was entered in error and, alternatively, that its complaint should not have been dismissed with prejudice. In support of the first argument, plaintiff asserts that the judge who entered the dismissal order was not bound by the ruling of the judge who entered the order denying relief for lack of jurisdiction and, citing *General Motors Corporation v. City of Linden,* 279 *N.J.Super.* 449, 653 *A.*2d 568 (App.Div.1995), that the Law Division had jurisdiction pursuant to 42 *U.S.C.A.* § 1983. Plaintiff contends that its right to challenge the municipality's assessment of its property for the 1989, 1990, and subsequent tax years was illusory because it was unable to make the payment on account of taxes that is the prerequisite to an appeal. *See N.J.S.A.* 54:3–27. It argues that that requirement imposed an unconstitutionally onerous burden on its right to due process.

Plaintiff's arguments should have been asserted by direct appeals from the orders of the County Board of Taxation and of the Tax Court which rejected its claims. The assessments which form the basis for the tax foreclosure that plaintiff seeks to enjoin or vacate by the present action are now unassailable. *County of Essex v. City of East Orange,* 214 *N.J.Super.* 568, 520 *A.*2d 788 (App.Div.), *certif. denied,* 107 *N.J.* 120, 526 *A.*2d 189 (1987) (explaining that each annual assessment of property must be separately appealed); *Rabstein v. Township of Princeton,* 187 *N.J.Super.* 18, 24–25, 453 *A.*2d 553 (App.Div.1982) (dismissing township's counterclaims for failure to pursue claims in a timely manner before the county board of taxation); *cf. F.M.C. Stores Co. v. Borough of Morris Plains,* 100 *N.J.* 418, 423–25, 495 *A.*2d 1313

(1985) (noting that strict adherence to statutory time limitations is essential in tax matters).

■ Before this court, plaintiff relies primarily on its contention that the Law Division has jurisdiction of this action because its claim is based on 42 *U.S.C.A.* § 1983. This argument has been asserted for the first time on appeal, and we could decline to consider it for that reason. *See City of Newark v. Township of Hardyston,* 285 *N.J.Super.* 385, 397, 667 *A.*2d 193 (App.Div.1995). We prefer, however, to decide the justiciability of plaintiff's claim under § 1983 on a different ground. Plaintiff's § 1983 claim is clearly barred by the statute of limitations even if we assume for the sake of argument that it is not precluded by *res judicata.*

In *Wilson v. Garcia,* 471 *U.S.* 261, 105 *S.Ct.* 1938, 85 *L.Ed.*2d 254 (1985), the United States Supreme Court held that every § 1983 claim, whatever the facts on which it is based or the nature of the injury sustained, is subject to the statute of limitations applicable to personal injury claims in the state where the federal cause of action arose. *See Hondo, Inc. v. Sterling,* 21 *F.*3d 775 (7th Cir.1994) (holding that § 1983 action against state tax assessor for denial of tax abatement was subject to Indiana's two-year personal injury statute of limitations). In New Jersey, that statute is *N.J.S.A.* 2A:14–2. *Cito v. Bridgewater Township Police Dep't,* 892 *F.*2d 23 (3d Cir.1989) (holding that the New Jersey statute of limitations applicable to § 1983 actions is *N.J.S.A.* 2A:14–2). *N.J.S.A.* 2A:14–2 requires an action on any such claim to be "commenced within 2 years next after the cause of any such action shall have accrued." The present suit was commenced by the filing of a complaint on August 17, 1994. Plaintiff's § 1983 claim is therefore barred unless its cause of action accrued after August 17, 1992.

■ Federal law determines when a § 1983 cause of action accrues. *Hondo, Inc. v. Sterling, supra,* 21 *F.*3d at 778; *Kelly v. City of Chicago,* 4 *F.*3d 509, 511 (7th Cir.1993); *Lavellee v. Listi,* 611 *F.*2d 1129, 1130 (5th Cir.1980). A cause of action under that statute accrues " 'when the plaintiff knows or should know that his

or her constitutional rights have been violated.'" *Kelly v. City of Chicago, supra,* 4 *F.*3d at 511 (quoting *Wilson v. Giesen,* 956 *F.*2d 738, 740 (7th Cir.1992)).

*Hondo, Inc. v. Sterling, supra,* is a well reasoned opinion whose facts are closely analogous to those of the present case. Plaintiffs in that case were two taxpayers who claimed that the county auditor's decision denying them real property tax abatements to which they were entitled deprived them of their constitutional rights in violation of 42 *U.S.C.A.* § 1983. The applicable period of limitations was two years. The district court dismissed their suit because it had been commenced beyond the time allowed by the pertinent statute of limitations. The taxpayers argued that their suit was timely because their claim did not accrue until after the state supreme court had denied review and, alternatively, that the period of limitations was tolled while their state action was pending. Rejecting these arguments, the Court of Appeals held that at least by the time the taxpayers instituted their state court action, they knew that they had been injured by the denial of tax abatements. Since that date was more than two years prior to the commencement of their federal suit, their claim was barred. Because the taxpayers were not required to exhaust their state law remedies before asserting their § 1983 claim, either in state or federal court, the court held that their federal claim was not tolled during the pendency of the state action. *Cf. Williams v. City of Dothan,* 745 *F.*2d 1406 (11th Cir.1984) (§ 1983 tax assessment for municipal improvements accrued when the assessment became final); *see also Kelly v. City of Chicago, supra* (§ 1983 action for allegedly wrongful revocation of bar license accrued when the license was revoked, not thereafter when the city officials closed the bar after plaintiffs' exhaustion of all judicial remedies).

Applying these principles to the present case, we conclude that plaintiff's § 1983 claim accrued when it knew that it was being taxed on the basis of an arbitrary and unfair assessment. It is unclear from the record before us exactly when that occurred. However, plaintiff alleges that "on or about November 15, 1990,

Jersey City conducted an unlawful tax certificate sale and/or transfer on account of allegedly delinquent real estate taxes for Parcels 1, 2 and 3, up to and including such time of the sale. Jersey City was the successful bidder." Plaintiff indisputably knew at that point that it had been injured by arbitrary and unfair assessments. Since that tax sale occurred long before August 17, 1992, and therefore far more than two years before plaintiff instituted its present suit, its § 1983 claim is barred by the statute of limitations.

Since plaintiff's claims under both State law and 42 *U.S.C.A.* § 1983 are precluded, the order dismissing its claim was properly entered with prejudice. The judgment appealed from is therefore affirmed.