**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1956-23

PAUL D. LANCASTER,

      Plaintiff-Appellant,

v.

NEW JERSEY TRANSIT
CORPORATION, JOSEPH
BUTTERFIELD, JENNIFER
PICCOLI, ANDRE COLEMAN,
ADAM K. PHELPS, KEVIN
O'NEIL, and ALEXIS ALLEN,

      Defendants-Respondents,

and

CHUCK HELLYER,

      Defendant.

_____

      Submitted March 5, 2025 – Decided June 23, 2025

      Before Judges Gummer and Jacobs.

      On appeal from the Superior Court of New Jersey, Law
      Division, Camden County, Docket No. L-2037-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondents (Sookie Bae-Park, Assistant Attorney General, of counsel; Handel T. Destinvil, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Paul D. Lancaster appeals from a February 16, 2024 order granting defendants' motion to dismiss his complaint with prejudice. Plaintiff contends the motion judge erred in dismissing five counts of the complaint as having been filed beyond the statute of limitations and dismissing another count as not constituting a viable cause of action. Because we conclude the motion judge ruled correctly in all respects, we affirm.

## I.

Plaintiff was employed by New Jersey Transit Corporation (NJ Transit) as a part-time bus driver beginning in 2008. He was twice terminated from his employment, once in 2016 for allegedly assaulting a co-worker, and again after reinstatement in 2019 for an incident concerning a passenger injured on his route.

In July 2023, plaintiff pro se filed a twenty-four page, seven-count complaint against NJ Transit and several NJ Transit employees, seeking

$3,000,000 in compensatory damages and $15,000,000 in punitive damages for a series of alleged statutory infractions throughout his course of employment, the last of which allegedly culminated in his 2019 termination. In the first two counts plaintiff alleged employment discrimination in violation of: the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49; the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2; 42 U.S.C. § 1983 (federal civil rights violation or "Section 1983" claim); the Social Security Act of 1935 (SSA), 42 U.S.C. §§ 301-1397; 18 U.S.C. § 242; and the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. §§ 651-678. In count three, he alleged harassment and retaliation by defendant Andre Coleman, a regional supervisor, in violation of the LAD, N.J.S.A. 2C:28-4, N.J.S.A. 2C:30-2, N.J.S.A. 52:13D-23, and N.J.S.A. 10:5-12.10. In count four, he alleged gross misconduct, harassment, and retaliation by defendant Adam Phelps, acting director of the office of equal employment and affirmative action, in violation of the LAD, N.J.S.A. 2C:28-4, N.J.S.A. 2C:30-2, N.J.S.A. 52:13D-23, and N.J.S.A. 10:5-12.10, and sexual assault by defendant Alexis Allen, a co-worker, in violation of N.J.S.A. 2C:14-2. In count five, he alleged gross misconduct, harassment, and retaliation by defendant Chuck Hellyer, a supervisor, in violation of the LAD, Section 1983, 18 U.S.C. § 242, and related statutory

3

provisions. In count six, he alleged gross misconduct, harassment, and retaliation by defendants Jennifer Piccoli, director of transportation, and Joseph Butterfield, a manager, in violation of the LAD, Section 1983, N.J.S.A. 2C:28-4, N.J.S.A. 2C:30-2, N.J.S.A. 52:13D-23, and N.J.S.A. 10:5-12.10. In count seven, he alleged gross misconduct and disability discrimination by defendant Kevin O'Neill, senior employee assistance program counselor, with respect to the handling of Lancaster's disability benefits in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; the LAD; Section 1983; N.J.S.A. 2C:28-4; N.J.S.A. 2C:30-2; and N.J.S.A. 52:13D-23.[1]

Generally, the allegations concerned a purported hostile work environment and pattern of discriminatory treatment and retaliation by numerous defendants.

In greater detail, count one concerned an alleged sexual assault of a co-worker in 2016. Plaintiff claimed he had been accused of verbally abusing the co-worker, following her onto a bus and wrapping his "arms around her in a bear hug." Plaintiff maintained NJ Transit did not allow him "to raise any issues with employment decisions . . . via grievance or 'open door' policies," "failed to

---

[1] Plaintiff was unable to effectuate service on defendant Hellyer and moved in October 2023 to eliminate Hellyer as a defendant. The motion judge granted the unopposed motion, dismissing count five.

ensure that all negative employment decisions were supported by well-documented legitimate business reasons," and did not discipline other employees in the same manner for like behavior.

In count two, plaintiff alleged NJ Transit had violated OSHA by not allowing him to use a restroom during working hours and by precluding upper management from investigating his report of this practice.

In count three, he alleged that in October 2017, he had complained to NJ Transit about defendant Coleman making "an inappropriate statement regarding Vaseline and females." Plaintiff contended that in response to his complaint, Coleman filed a complaint against him with the Division of Equal Employment Opportunity/Affirmative Action (EEO/AA).

In count four, plaintiff alleged he had been sexually assaulted by defendant Allen in February 2019, when she "began rubbing [p]laintiff['s] shoulders without [p]laintiff['s] consent."

In count six, he alleged in October 2008, he was unloading a disabled passenger when bystanders "looking for lo[o]se cigarettes . . push[ed] a lady into [p]laintiff['s] wheelchair lift while it was already out." Defendant Piccoli's NJ Transit report regarding the incident stated the situation could have been prevented if plaintiff had scanned his mirrors every two to three seconds. As a

result, plaintiff was charged with causing an accident, failure to report an accident promptly, conduct unbecoming, and failure to follow standard rules and procedures. Plaintiff further contended in count six that on three occasions in January and February of 2019, Piccoli placed an undercover rider on plaintiff's bus in purported retaliation for plaintiff's complaints against NJ Transit and Piccoli. Plaintiff charged that Piccoli had filed a personal complaint against him to cover up her own acts of discrimination. Plaintiff further alleged that NJ Transit had filed a false report in order to terminate him and made false statements in writing, including false witness statements prepared by two supervisors and defendants, Andre Coleman and Kanil Varol, in an attempt to create justification for terminating plaintiff.

Finally, plaintiff alleged in count seven that in October 2015, the manager from NJ Transit Worker's Compensation & Disability Department had called plaintiff to discuss temporary disability benefits and advised that he could waive the benefits. Plaintiff claimed that a month later, the manager had advised him that he was not authorized to waive his contractual right to disability benefits. Plaintiff contended in December 2015, his doctor placed him on medication "because of the additional stress[] and harassment caused by [NJ Transit's] [D]isability [D]epartment making health mistakes and bad decisions with

6

regards to [p]laintiff['s] health." Plaintiff explained that according to NJ Transit's medical team, he has breathing and sleep-apnea issues, which require a continuous positive airway pressure (CPAP) machine. Plaintiff had to return to using a CPAP machine when discharged from employment in February 2016. He claimed that he had been ordered to seek counseling, have a medical evaluation performed by defendant O'Neill, and sign a release form to receive the benefits of the counseling program or otherwise be discharged. Plaintiff further alleged that notwithstanding his attempted compliance, O'Neill had failed to follow up with the "proper administrator," resulting in plaintiff's termination from employment in violation of the ADA.

Plaintiff contended that as a direct result of defendants' actions, he had been hospitalized for severe organ damage, permanently affecting his health. He claimed also to have suffered "loss of earnings and other employment benefits, severe mental, physical and emotional distress, personal physical injury and exacerbation thereof, stress humiliation, pain, damage to reputation, and harm to his career development."

In December 2023, defendants moved pursuant to Rule 4:6-2(e) to dismiss the complaint, arguing plaintiff's claims accrued on his termination from employment in August 2019. Defendants contended that because plaintiff did

not file his complaint until 2023, beyond the applicable two-year statute of limitations (SOL) for his claims under the LAD, NJCRA, Section 1983, and other statutory bases, the complaint was time-barred.

In opposition, plaintiff relied on the discovery rule, contending his claims did not ripen until February 22, 2023, the day he attended a medical appointment and learned his injuries from before and up to 2019 had manifested and were more severe than he had appreciated.

On January 19, 2024, the judge heard argument on the motion to dismiss, explaining to plaintiff the basis of defendants' motion:

> [Defendants are] seeking to dismiss your case for a legal reason, not based on whether the facts are true or not true, but our statute of limitations requires that an action be filed within two years from the date that it occurs, and my understanding of this -- the latest possible date that's indicated in the complaint would be 2019, which would then mean the complaint would have to be filed by 2021, so he's asserting that under the statute of limitations the case should be dismissed, so there are very few exceptions to that rule, one of which is if you knew or discovered it, it didn't have -- it may be extended under the discovery exception.

The judge went on to review each count, tentatively concluding that all were barred by the SOL, except perhaps the sexual-assault claim in count four. The judge allowed plaintiff additional time to conduct further legal research.

A-1956-23

On February 16, 2024, the judge again heard argument on defendant's motion to dismiss. Defense counsel summarized plaintiff's position as:

> The essence of [plaintiff]'s argument is that he went to a doctor in 2023 because he had the same symptoms that he had in 2019, so the complaint is stating that this is an injury that had already occurred in 2019. The discovery rule postpones the accrual of a cause of action so long as a party is reasonably unaware either that he has been injured or that the injury is due to the fault or neglect of an . . . identifiable individual or event. [Plaintiff]'s reply states that he was aware of these symptoms in 2019, so under that standard, he can't state that he was unaware that this occurred.

Plaintiff attempted to rebut defendants' position by claiming that "[NJ] Transit put a pause and stopped my medical insurance not allowing me to move forward . . . ." "So discovery [of]. . . the injuries that I . . . accrued over time . . . got worse . . . which is why I had to acquire some type of assistance . . . in February 2023 because of what [NJ] Transit didn't do in 2019."

In rendering its decision, the judge dismissed count one explaining, "what you have here is . . . discrimination two years from the date of the adverse action . . . . [T]hat adverse action happened in 2019. The statute of limitations expired in 2021, so [c]ount [o]ne has to be dismissed." In dismissing count two, the judge observed that a purported OSHA violation does not confer a private right

9

of action.[2]  As to count three, the judge noted that "a retaliation claim which comes under the LAD statute, which, again, is two years from the date of the adverse action.  That must be dismissed."  The judge dismissed count four, finding that the gravamen was an "unconsented touching, not sexual assault and [it] must be dismissed."  Although he found plaintiff had "abandoned" count five, the judge formally dismissed it for the record because as a LAD claim, it was pleaded more than "two years from the date of the adverse action."  Concerning counts six and seven, the judge stated, "[t]he same" or pleading more than "two years from the date of the adverse action" "applies to [c]ount [s]ix and to [c]ount [s]even, which means the entire complaint is dismissed."

Addressing the discovery rule, the judge held:

> [t]ypically the discovery rule applies to someone that doesn't have any idea of an injury, but this case is not a personal injury case, it's a[] LAD case.  The typical discovery rule is when someone has surgery and inadvertently during a surgery the surgeon leaves in a sponge or some device and it doesn't produce pain for five, six years, that's when the cause of action accrued.  In your paperwork you've kind of described these issues, that . . . may have [been] milder.  <u>They existed and you complained about them.  This is not a brand new unexpected event [or] cause of action.</u>
>
> [(Emphasis added).]

---

[2]  Plaintiff has not challenged dismissal of the purported OSHA violation in this appeal.

On the same day, the judge entered an order memorializing its decision to dismiss the complaint with prejudice.  Plaintiff filed a timely appeal.

II.

An appellate court reviews de novo a trial court's grant of a motion to dismiss for failure to state a claim.  State ex rel. Health Choice Grp., LLC v. Bayer Corp., 478 N.J. Super. 184, 194 (App. Div. 2024); Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021).  The Appellate Division gives "no special deference" to the legal determinations of the trial court.  AC Ocean Walk LLC v. Am. Guar. & Liab. Ins. Co., 256 N.J. 294. 310 (2024).  "Although the review of the factual allegations of a complaint on a motion to dismiss is to be 'undertaken with a generous and hospitable approach,' '[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one.'"  Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (2022) (alteration in original) (first quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989); and then quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)).

In seeking reversal, plaintiff contends the motion judge erred by failing to conduct the factual inquiry required before ruling on application of the discovery rule.  Consistent with this position, plaintiff asks our court to vacate the motion

11

judge's order and remand for a <u>Lopez</u> hearing.[3]  Plaintiff observes the discovery rule applies to toll the accrual of the SOL in circumstances where, despite exercising reasonable diligence, a plaintiff could not have discovered the injury or its cause.  <u>Lopez</u>, 62 N.J. at 272 (providing "that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim"); <u>White v. Mattera</u>, 175 N.J. 158, 168 (2003).  The rule is triggered when the plaintiff becomes aware, or should have become aware, they have suffered an injury and that the injury is attributable to the fault of another party.  <u>Lopez</u>, 62 N.J. at 272.  Plaintiff further contends his sexual-assault claim under count four should not have been dismissed because an uncontested touching is a viable cause of action.

Defendants observe that plaintiff's pleadings clearly allege the last date of adverse action was in 2019.  Because the date of discovery is not in dispute, they posit a <u>Lopez</u> hearing is not required for any of plaintiff's claims.

---

[3]  A <u>Lopez</u> hearing is a hearing conducted by the trial court to determine "whether or not a party . . . is equitably entitled to the benefit of the discovery rule."  <u>Lopez v. Swyer</u>, 62 N.J. 267, 275 (1973).

LAD Claims

"LAD claims are subject to [a] two-year [SOL]." Smith v. Datla, 451 N.J. Super. 82, 99 (App. Div. 2017). "The purpose behind the two-year [SOL] is to encourage prompt resolution of claims, particularly in discrimination cases where evidence may be 'vulnerable to the passage of time.'" Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320, 332-33 (2010) (quoting Montells v. Haynes, 133 N.J. 282, 292 (1993)). "[T]he limitations clock begins to run on a discrete retaliatory act, such as discharge, on the date on which the act takes place." Roa v. Roa, 200 N.J. 555, 561 (2010).

The discovery rule postpones "the accrual of a cause of action so long as the party is unaware either that he has been injured or that the injury was due to the fault or neglect of an identifiable person." Villalobos v. Fava, 342 N.J. Super. 38, 45-46 (App. Div. 2001). "The discovery rule is 'essentially a rule of equity.'" Catena v. Raytheon Co., 447 N.J. Super. 43, 53 (App. Div. 2016) (quoting Lopez, 62 N.J. at 273). Under the discovery rule, the SOL begins to run when "the plaintiff learns or reasonably should learn 'the existence of that state of facts which may equate in law with a cause of action.'" Id. at 54 (quoting Burd v. N.J. Tel. Co., 76 N.J. 284, 291 (1978)). "This determination is highly fact-sensitive, and will 'vary from case to case, and . . . from type of case to type

of case.'" Ibid. (quoting Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 434 (1987)).

The discovery rule applies to LAD claims. See Henry, 204 N.J. at 333 ("There is nothing new about applying equitable principles to toll the statute of limitations for LAD claims, just as it has been done in other areas of the law."); see also Roa, 200 N.J. at 572 ("There is simply nothing about a LAD case that would militate against applying the equitable principles informing the discovery rule to allow pursuit of a claim of which the party was reasonably unaware."). In Henry, the plaintiff filed a complaint against the defendant in 2007, alleging racial discrimination in hiring less qualified Caucasians into advanced positions and retaliation in violation of the LAD. 204 N.J. at 325. In an unpublished decision, the Appellate Division affirmed the Law Division's grant of summary judgment concluding, "there was no genuine issue of material fact and that the trial court properly determined that [plaintiff's] LAD claims were barred by the statute of limitations." Id. at 328. On appeal, the Supreme Court explained, "the Court has approved use of the discovery rule in LAD cases when and where appropriate. This may well be such a case." Id. at 338. The Court ultimately held the plaintiff was entitled to a Lopez hearing to consider whether the plaintiff had any "reasonable suspicion" of racial discrimination before 2006

when she learned less qualified Caucasian nurses were hired into advanced positions. Id. at 339.

Our Supreme Court established the requirements for hearings regarding application of the discovery rule in Lopez, 62 N.J. at 275-76. A Lopez hearing focuses on "whether or not a party . . . is equitably entitled to the benefit of the discovery rule." Id. at 275. The factors to be considered at a Lopez hearing include:

> the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing, whether the delay has been to any extent deliberate or intentional, whether the delay may be said to have peculiarly or unusually prejudiced the defendant.
>
> [Id. at 276.]

The burden of proof rests on the party asserting the discovery rule. Ibid. Although the hearing helps the judge determine whether the discovery rule is applicable, "[a] plaintiff who invokes the discovery rule is not always entitled to a hearing." J.P. v. Smith, 444 N.J. Super. 507, 528 (App. Div. 2016). "A Lopez hearing is only required when the facts concerning the date of discovery are in dispute." Ibid. (quoting Henry, 204 N.J. at 336 n.6).

Here, the motion judge did not err in dismissing this complaint containing alleged LAD violations in every count. The last adverse action plaintiff

15

experienced—his termination—occurred in 2019, and plaintiff did not file his complaint until July 16, 2023, well beyond the two-year statute of limitations. Although the judge mistakenly stated the discovery rule does not apply to LAD claims, Henry, 204 N.J. at 333, the rule does not pertain to this case. The discovery rule postpones the limitations period if the party is "unaware [] that he has been injured." Villalobos, 342 N.J. Super. at 45-46. Although plaintiff contends he was "unaware of the last of his injuries until 2023[] when he filed his complaint," he acknowledged he was aware of his health issues in 2019. Plaintiff alleged that in 2019, he was "hospitalized with severe organ damage caused by [d]efendants" and treated by defendant O'Neil because he was having severe pain and experiencing anxiety. Further, he acknowledged at one point being taken off a bus he was driving and "brought to [NJ] Transit medical department to have blood pressure checked and ordered to seek counseling and have a medical evaluation performed . . . ."

Even if plaintiff's LAD claims are based on discriminatory practice or retaliation, plaintiff was aware of the discrimination and retaliation in 2019 when spotters were placed on his bus and the termination hearing was held as a result. Unlike the plaintiff in Henry, who was entitled to a Lopez hearing to determine whether she had any "reasonable suspicion" of racial discrimination

A-1956-23

before filing her complaint, it is clear here that plaintiff was aware of the alleged discriminatory and retaliatory practices and his symptoms when he was terminated in 2019. In other words, "facts concerning the date of discovery" are not in dispute. J.P., 444 N.J. Super. at 528. Therefore, the discovery rule is inapplicable, and plaintiff was not entitled to a Lopez hearing.

Section 1983 / NJCRA / ADA Claims

In addition to the LAD claims, plaintiff in counts one, three, five, six, and seven asserted claims under the 42 U.S.C. § 1983. Count seven includes an ADA claim. "Every [42 U.S.C.] § 1983 claim is subject to the [SOL] applicable to personal injury claims in the state where the cause of action arose." Heyert v. Taddese, 431 N.J. Super. 388, 435 (App. Div. 2013). "In New Jersey, that statute is N.J.S.A. 2A:14-2, which requires that a suit for personal injury be commenced within two years from the accrual of the cause of action." Ibid. "Federal law determines when a § 1983 cause of action accrues." Ibid. (quoting 3085 Kennedy Realty Co. v. Tax Assessor of Jersey City, 287 N.J. Super. 318, 323 (App. Div. 1996)). A cause of action under Section 1983 "begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." Ibid. Similarly, "[t]he statute of limitations for claims under

the NJCRA is two years." <u>Lapolla v. County of Union</u>, 449 N.J. Super. 288, 298 (App. Div. 2017).

Plaintiff's claims began to accrue when he "kn[ew], or ha[d] reason to know, of the injury," <u>Heyert</u>, 431 N.J. Super. at 435, which as discussed above, was in 2019. Therefore, the outcome does not change if plaintiff's claims are viewed under the NJCRA, Section 1983, or ADA.

<u>Sexual Assault Claim</u>

Plaintiff argues the motion judge erred in dismissing count four, as an "unconsented touching" is nonetheless a viable cause of action under New Jersey law as a battery claim. Defendants contend we should not consider the battery-claim argument because it was not raised at the trial level. Defendants further argue that even if this court considers the newly-raised argument, the claim is time barred because it is subject to the two-year statute of limitations.

We determine the judge did not err in dismissing count four. In that count, plaintiff alleged he was sexually assaulted by defendant Allen in February 2019, when she "began rubbing [p]laintiff['s] shoulders without [p]laintiff['s] consent," citing N.J.S.A. 2C:14-2, the criminal sexual assault statute. Plaintiff's reliance on N.J.S.A. 2C:14-2 was misplaced, as the appropriate statute for personal injury claims based on sexual assault is N.J.S.A. 2A:14-2. <u>See</u>

Zuidema v. Pedicano, 373 N.J. Super. 135, 149 (App. Div. 2004). Although the Legislature extended the SOL for personal injury claims resulting from the commission of sexual assault to seven years, N.J.S.A. 2A:14-2a(b)(1), the motion judge correctly found the act alleged amounted to an "unconsented touching," not sexual assault. Sexual assault requires nonconsensual sexual contact, defined as "intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor." N.J.S.A. 2C:14-14(a)(1) (emphasis added). Defendant Allen's "[r]ubbing [of] [p]laintiff['s] shoulders without [p]laintiff['s] consent" does not meet this definition.

Plaintiff argues for the first time before us that defendant Allen's acts in count four could amount to battery. However, this argument cannot be advanced on appeal because it was not made at the trial level. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available[,] unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."); Selective Ins. Co. v. Rothman, 208 N.J. 580, 586 (2012). The

A-1956-23

question raised for the first time here on appeal does not constitute a matter of great public interest. Furthermore, even if this argument could be considered by this court, the battery claim would be barred by the two-year statute of limitations. Monk v. Kennedy Univ. Hosp., Inc., 473 N.J. Super. 178, 185 (App. Div. 2022).

In sum, we affirm the motion judge's dismissal of plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

20

A-1956-23